**UNITED STATES of America, Appellee,**

v.

**Brian Leonard LeMAY, Appellant.**

**No. 91–1604.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1991.

Decided Dec. 24, 1991.

Douglas H. Olson, Minneapolis, Minn., for appellant.

Michael W. Ward, Minneapolis, Minn. (Brian Wyneken, on brief), for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

Brian Leonard LeMay appeals the sentence he received after pleading guilty to drug and tax evasion charges. He argues that the district court[1] abused its discretion in rejecting an initial plea agreement, and that the ten year supervised release term imposed after the district court accepted a second plea agreement exceeded the maximum term authorized under § 5D1.2 of the Sentencing Guidelines. We affirm.

## I.

In June 1990 LeMay was indicted for conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846, and with failing to declare illegal drug income on his 1987 tax return in violation of 26 U.S.C. § 7206. In August 1990, LeMay entered into a plea agreement which provided that he would plead guilty to the conspiracy and tax charges; that the government would dismiss the substantive drug count; that he "has cooperated and will continue to cooperate" with the ongoing government investigation; that he would be sentenced in accordance with the Sentencing Guidelines; that his agreed offense level and criminal history resulted in a sentencing

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

range of 97 to 121 months; that the government would move for a § 5K1.1 downward departure "to a maximum sentence range limitation of 27 to 33 months" plus "a period of supervised release of at least 10 years"; and that he could withdraw his plea of guilty if the district court rejected the downward departure motion.

After a hearing, the district court accepted the guilty plea but deferred sentencing until a Presentence Investigation Report was prepared. In December 1990 the court rejected the plea agreement as inconsistent with the Guidelines and set the case for trial, explaining that the maximum sentence agreed to with the downward departure was unfairly low in comparison to longer sentences the court had previously given to a number of LeMay's less culpable conspirators.

Before trial, LeMay and the government entered into a second plea agreement, containing the same terms as the first, except that the agreed sentence range was 27 to 42 months, rather than 27 to 33 months. LeMay again appeared before the district court and pleaded guilty to the tax and conspiracy counts. Before accepting the second plea agreement, the district court confirmed that both LeMay and his attorney understood that it called for ten years of supervised release, rather than the three to five year range called for in § 5D1.2(a) of the Guidelines. The court then accepted the plea agreement, granted the government's downward departure motion, and sentenced LeMay to concurrent prison terms of 39 months on the conspiracy offense and 36 months on the tax offense, followed by concurrent terms of ten years and one year of supervised release.

LeMay's PSI set the Guideline range for his drug conspiracy offense at 151–188 months in prison plus five years of supervised release. Thus, his sentence reflects a downward departure of 112–149 months in prison but five additional years of supervised release. LeMay appeals that sentence.

## II.

LeMay argues that the district court abused its discretion when it refused to accept his first plea agreement because of the 33 month sentence "cap." Rule 11(e) of the Federal Rules of Criminal Procedure authorizes plea agreements that contain either a nonbinding recommendation for a particular sentence or an agreement that a specific sentence is appropriate. Such plea agreements are subject to acceptance or rejection by the district court. "In the case of a plea agreement that includes a nonbinding recommendation, the court may accept the recommendation if the court is satisfied ... that ... (2) the recommended sentence departs from the applicable guideline range for justifiable reasons." U.S.S.G. § 6B1.2(b).

■ Prior to the Guidelines, a district court had broad discretion under Rule 11(e) to reject a negotiated plea agreement. *See United States v. Moore,* 637 F.2d 1194, 1196 (8th Cir.1981). Here, the district court's reason for rejecting LeMay's first plea agreement was clearly an acceptable basis for exercising that discretion: "A decision that a plea bargain will result in the defendant's receiving too light a sentence under the circumstances of the case is a sound reason for a judge's refusing to accept the agreement." *United States v. Bean,* 564 F.2d 700, 704 (5th Cir.1977).

■ The Guidelines were not intended "to make major changes in plea agreement practices." U.S.S.G. § 1A.4(c). Although Chapter 6B imposes new substantive standards on the district court's task of accepting or rejecting plea agreements, it remains a discretionary task, reviewable on an abuse of discretion standard. Moreover, the district court's reason for rejecting LeMay's first plea agreement—that it provided an excessive downward departure from the Guidelines range—is a nonreviewable Guidelines decision. *See United States v. Sharp,* 931 F.2d 1310 (8th Cir. 1991); *United States v. Evidente,* 894 F.2d 1000, 1004 (8th Cir.), *cert. denied,* 495 U.S. 922, 110 S.Ct.1956, 109 L.Ed.2d 318 (1990). Thus, LeMay's challenge to the district court's rejection of his first plea agreement is plainly without merit.

## III.

Citing § 5D1.2 of the Guidelines, LeMay next argues that the ten year supervised release term exceeds the statutory maximum of five years, and therefore "this case should be remanded for renegotiation of the plea agreement and resentencing." Because LeMay did not raise this issue in the district court, it has been waived unless the district court committed plain error, resulting in a miscarriage of justice, by imposing a sentence in violation of law. *See United States v. Carnes*, 945 F.2d 1013 (8th Cir.1991); *United States v. Fritsch*, 891 F.2d 667 (8th Cir.1989); *United States v. Pratt*, 657 F.2d 218 (8th Cir.1981). We conclude that this is not an illegal sentence.

When supervised release terms were first authorized in the Sentencing Reform Act of 1984, 18 U.S.C. § 3583(b) provided that, "the authorized terms of supervised release are ... (1) for a Class A or Class B felony, not more than five years." [2] The Anti–Drug Abuse Act of 1986 amended § 3583(b) by adding the introductory phrase, "Except as otherwise provided." At the same time, that Act amended 21 U.S.C. § 841(b)(1)(A) to *require* that a sentence imposed under that statute include at least five years of supervised release for a defendant with no prior drug convictions, and at least *ten years* of supervised release for defendants with prior convictions. *See* Pub.L. No. 99–570, 100 Stat. 3207, §§ 1002, 1006(a)(2). It is obvious to us that the phrase "except as otherwise provided" was added to § 3583(b) so that this statute would not conflict with statutes such as 21 U.S.C. § 841(b)(1)(A) that authorize supervised release terms in excess of five years. Therefore, the relevant statutes expressly permit the ten year supervised release term imposed in this case.[3]

LeMay relies upon § 5D1.2 of the Guidelines in arguing that ten years of supervised release is an illegal sentence. Section 5D1.2(a) of the Guidelines provides:

> If a defendant is convicted under a statute that requires a term of supervised release [such as § 841(b)(1)(A) ], the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater.

Here, since LeMay had no prior convictions, § 841(b)(1)(A) required that he receive a supervised release term of *at least* five years. LeMay argues, in effect, that in adopting § 5D1.2(a) the Sentencing Commission had both the power and the intent to eliminate the authority expressly conferred in the drug abuse statute to impose a term of more than five years of supervised release. We disagree. Section 841(b)(1)(A) and the Guidelines are easily reconciled if the term of supervised release authorized in § 5D1.2(a) is construed as a Guideline range—three to five years—that is subject to the same departures that are applicable to the Chapter 5C imprisonment range.

In this case the government made a downward departure motion pursuant to the plea agreement and § 5K1.1 of the Guidelines. The district court granted that motion because of LeMay's substantial assistance in the government's investigation, as expressly authorized by statute. *See* 18 U.S.C. § 3553(e). The ten year term of supervised release was consistent with the plea agreement, was within the court's statutory authority under § 841(b)(1)(A), and was part of a sentence that was accepted under § 6B1.2(b)(2) of the Guidelines because it "departs from the applicable guideline range for justifiable reasons." In these circumstances, even if LeMay did not waive this issue in his colloquy with the district court, we conclude that the resulting sentence was not illegal.

---

**2.** LeMay's drug conspiracy offense is a Class A felony. *See* 18 U.S.C. § 3559(a)(1); 21 U.S.C. § 841(b)(1)(A).

**3.** Although the Tenth Circuit reached a contrary conclusion in *United States v. Esparsen*, 930 F.2d 1461, 1476–77 (1991), it relied upon a concession by the government rather than analysis of the 1986 Act. Accordingly, we decline to follow *Esparsen.*

Accordingly, the judgment of the district court is affirmed.