**UNITED STATES of America, Appellee,**

v.

**Keith Lamonte HILL, a/k/a Keith Lamont Hill, a/k/a Michael Lane Robinson, Appellant.**

**No. 89–2833.**

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1991.

Decided Dec. 5, 1991.

Rehearing Denied Jan. 7, 1992.

Richard McClain, Lincoln, Neb., for appellant.

Alan Everett, Asst. U.S. Atty., Lincoln, Neb., for appellee.

Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and RENNER,* District Judge.

PER CURIAM.

The Supreme Court —— U.S. ——, 111 S.Ct. 2845, 115 L.Ed.2d 1014 has vacated our prior judgment in this case, *United States v. Hill,* 911 F.2d 129 (8th Cir.1990), and has remanded the case to us for further consideration in light of its recent decision in *Burns v. United States,* ——

U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In our previous decision we rejected Hill's argument that he did not receive sufficient notice of a possible upward departure from the sentencing guidelines, and accordingly, we affirmed Hill's conviction for interstate transportation of stolen property and his sentence of 84 months imprisonment.

■ Subsequently, the Supreme Court held in *Burns v. United States* that before a district court can depart upward on a ground not previously identified as a ground for upward departure, the court must give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the grounds upon which the court is contemplating an upward departure. *Id.* 111 S.Ct. at 2187. The *Burns* Court held that Rule 32 of the Federal Rules of Criminal Procedure was not satisfied where the district court had decided on its own motion to upwardly depart from the guidelines, although the presentence report concluded that "[t]here [were] no factors that would warrant departure from the guideline sentence." *Id.* at 2184.

■ *Burns* is distinguishable from the case presently before us. Here, Hill received notice of a possible upward departure in the presentence report, which specified various grounds upon which that departure might be based. A hearing was then held during which Hill had an opportunity to address the possibility of an upward departure.

We reject Hill's suggestion that *Burns* be expanded to require that the notice of the upward departure come from the district court itself. *Burns* specifically provides that the court must give notice of an upward departure only when the ground for upward departure is not identified in "the presentence report or in a prehearing submission by the Government." *Id.* at 2187. Here, that notice was sufficiently provided in Hill's presentence report.

* The HONORABLE ROBERT G. RENNER, United States District Judge for the District of Minnesota, sitting by designation.

In conclusion, we find that the notice of a possible upward departure in Hill's presentence report sufficiently satisfied the notice requirement under *Burns*. Accordingly, we affirm Hill's conviction and sentence.