988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth CARPENTER, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided Feb. 10, 1993.
 
 1
 Appeal from the United States District Court for the Western District of Washington; No. CV-91-5442-RJB, Robert J. Bryan, District Judge, Presiding.
 
 
 2
 W.D.Wash., 914 F.2d 1131.
 
 
 3
 AFFIRMED.
 
 
 4
 Before FARRIS and KLEINFELD, Circuit Judges, and EZRA**, District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Kenneth Carpenter, acting pro se, appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255. Carpenter contends that his sentence should be reduced or vacated on these grounds: (a) the conspiracy charge in his indictment was improper; (b) the court improperly imposed consecutive sentences on two of the counts with which he was charged; (c) he was not given adequate notice of the government's intention to seek a departure at the time of sentencing; (d) he received ineffective assistance of counsel; and (e) that the district court acted towards him with vindictiveness. The district court denied Carpenter's motion in all respects. We affirm.
 
 I. Facts
 
 7
 In 1988, Carpenter and John Ganton, both of whom lived in Los Angeles, California, conspired to murder Carpenter's estranged wife, Billie, who, along with her three children, lived in Montesano, Washington.
 
 
 8
 Carpenter and Ganton hired three juveniles to act as hit men. Their plan was to have the juveniles travel to Montesano, steal a logging truck, and use the truck to force Billie's car off a road that she drove on each day.
 
 
 9
 As a contingency plan, Carpenter and Ganton instructed the juveniles to fire a rifle round into a butane tank adjacent to the trailer where Billie Carpenter lived with her children. Carpenter and Ganton provided the juveniles with a rifle and armor piercing ammunition. The juveniles were advanced $200 and promised an additional $18,800 if the murder was successful.
 
 
 10
 The plan was foiled when the juveniles were caught attempting to steal a logging truck in Montesano. The juveniles confessed to the murder plan and consented to recording a series of telephone conversations with Carpenter and Ganton.
 
 
 11
 On October 13, 1988, Carpenter and Ganton pled guilty to conspiracy in violation of 18 U.S.C. § 371, and to use of a facility of interstate commerce with intent to commit murder and causing others to travel in interstate commerce with the intent that murder be committed, both in violation of 18 U.S.C. § 1952(a). On December 2, 1988, both defendants were sentenced to consecutive five-year terms on each count, the maximum sentence authorized by law. They were not sentenced under the guidelines, because at the time the Ninth Circuit had ruled the guidelines to be unconstitutional. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988).
 
 
 12
 Following the Supreme Court's decision in United States v. Mistretta, 488 U.S. 361 (1989), both defendants requested and received resentencing. Ganton was resentenced to 63 months, the maximum sentence within Carpenter and Ganton's guideline range. At Carpenter's resentencing, the court departed upward and entered a sentence of 108 months. Carpenter appealed the departure decision. The sentence was upheld by this court in United States v. Carpenter, 914 F.2d 1131 (9th Cir.1990).
 
 
 13
 On August 19, 1991, Carpenter commenced this action by filing a pro se pleading in this court entitled "motion for rehearing." This court treated that pleading as a motion for relief under 28 U.S.C. § 2255 and referred the matter to the district court on October 11, 1991. On December 20, 1991, the district court denied Carpenter's motion. Carpenter brings this appeal from that order.
 
 II. Standard of Review
 
 14
 A district court's denial of a defendant's § 2255 petition is reviewed de novo. United States v. Quan, 789 F.2d 711, 713 (9th Cir.1986), cert. denied 478 U.S. 1033 (1986); Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986).
 
 III. Analysis
 A. Conspiracy Charge
 
 15
 Carpenter's first contention is that the conspiracy charge in the indictment was in error. The indictment charged Carpenter with using various facilities of interstate commerce to arrange the murder of Billie Carpenter and her children. The indictment charged that the duration of the conspiracy was from on or about July 1, 1988 to on or about August 11, 1988.
 
 
 16
 Carpenter claims his sentence is illegal because he withdrew from the conspiracy on August 2, 1988 and announced his withdrawal to his co-conspirator. Second, Carpenter claims that the conspiracy charge failed to state an object that is a crime against the United States. Each of these claims is without merit.
 
 
 17
 One who joins a conspiracy is bound by the actions of his co-conspirators taken in furtherance of the conspiracy. United States v. Traylor, 656 F.2d 1326, 1337 (9th Cir.1981). A conspirator is also responsible for all reasonably foreseeable substantive crimes committed in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640 (1946).
 
 
 18
 In order to avoid complicity in a conspiracy, one must withdraw before any overt act is taken in furtherance of the agreement. U.S. v. Luttrell, 889 F.2d 806, 810 (9th Cir.1989). Carpenter acknowledges in his own brief that his attempt to exit the conspiracy occurred more than a month after the conspiracy began. Several conversations with the hired juveniles were held prior to August 2 when Carpenter alleges that he told Ganton of his withdrawal. Thus, even if Carpenter's allegations are true, he could not avoid criminal responsibility for the conspiracy on August 2 since the crime of conspiracy was legally completed by the commission of a prior overt act.
 
 
 19
 As to Carpenter's second claim, while it is true that murder is not an offense against the United States as required under 18 U.S.C. § 1371, the Use of a Facility of Interstate Commerce to Solicit the Commission of a Murder as charged in the indictment is a federal crime. 18 U.S.C. § 1952A. That crime was sufficient to serve as a predicate offense for the conspiracy charge.
 
 B. Propriety of Consecutive Sentences
 
 20
 Carpenter's second contention is that the district court's use of consecutive sentences was improper. The basis of that argument is somewhat unclear. Apparently, Carpenter asserts that the district court had no authority to run his sentences consecutively because the maximum term on any individual count was five years. That argument is contrary to the principles set forth in the sentencing guidelines. Guideline 5G1.2(d) gives the district court authority to run sentences consecutively. It provides:
 
 
 21
 If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.
 
 
 22
 The Amended Judgment and Commitment of the district court imposed a sentence of 60 months on one count, running consecutively with a sentence of 48 months on a second count. A sentence of 60 months was imposed on the third count, to run concurrent with the other two. The sentence was consecutive "only to the extent necessary to produce a combined sentence equal to the total punishment." Accordingly, it was proper.
 
 C. Carpenter's Notice of Intent to Depart
 
 23
 Carpenter's third argument is that he was not given adequate notice of the district court's intention to consider a departure from the guideline sentencing range in violation of the rule announced in Burns v. U.S., 111 S.Ct 2182 (1991).
 
 
 24
 Carpenter was given notice of the possibility of a departure in two manners. The presentence report included the probation department's recommendation that a departure sentence be given. Additionally, Carpenter's attorney of record acknowledged receipt of two letters which specifically mentioned the government's intention to seek a departure. That notice clearly satisfies the requirements of Burns which confined itself to the "extraordinary case in which the district court, on its own initiative and contrary to the expectations of both the defendant and the Government, decides that the factual and legal predicates for a departure are satisfied." Burns, 111 S.Ct at 2186.
 
 
 25
 Carpenter contends that the notice was nonetheless insufficient because he commenced his appeal pro se and consequently ought to have been personally notified of the court's intention to consider a departure. Carpenter alleges that he never saw a copy of the presentence report.
 
 
 26
 Under Burns, the district court must give the parties reasonable notice that it is contemplating a departure. Id. at 2187. This circuit has not previously considered what constitutes reasonable notice under Burns. Other circuits which have considered the question have concluded that inclusion of the possibility of a departure in the presentence report and the conduct of a hearing at which the defendant is given a chance to address the reason for a departure constitutes adequate notice. U.S. v. Taylor, 937 F.2d 676, 683 (D.C.Cir.1991); U.S. v. Hill, 951 F.2d 867, 868 (8th Cir.1991).
 
 
 27
 Here, Carpenter's attorney of record was given a copy of the presentence report and mailed two letters all of which contained notice of the government's intention to seek a departure. Furthermore, because the guideline range was agreed upon, the sole issue discussed at the resentencing hearing was the possibility of a departure. Carpenter had both reasonable notice of the possibility of a departure and an opportunity to address the arguments offered by the government supporting the motion.
 
 D. Ineffective Assistance of Counsel
 
 28
 Carpenter's next argument is that he received ineffective assistance of counsel because his attorney failed to have the government give him personal notice of its intention to seek to depart and because his attorney, Dennis Ashman, failed to notify him of his right to withdraw his guilty plea when the government moved for upward departure.
 
 
 29
 To demonstrate ineffective assistance of counsel a defendant must show that the representation fell below an objective standard or reasonableness and that counsel's error prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 688 (1984); Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986).
 
 
 30
 Carpenter has made neither showing. A defendant has no right to withdraw a guilty plea. United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986). Where a defendant seeks withdrawal of a guilty plea after sentencing, the standard is whether there was "a fundamental defect which inherently results in a complete miscarriage of justice ... [or] ... an omission inconsistent with rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424 (1962). Since Carpenter has shown no basis on which he might plausibly have moved to withdraw his guilty plea, his attorney's behavior was in no way at fault.
 
 
 31
 Ashman's representation was competent in all respects. At the change of plea hearing, Carpenter acknowledged a full understanding of the consequences of a guilty plea and expressed satisfaction with Ashman's representation of him. Ashman's representation of Carpenter at both the initial sentencing hearing and the resentencing hearing was zealous.
 
 E. Double Jeopardy and Vindictiveness
 
 32
 Carpenter's final contention is the term imposed at the resentencing hearing was greater than the original fifteen year term and consequently constituted double jeopardy and judicial vindictiveness. This claim is utterly without merit. The term received by Carpenter at his resentencing was, in fact, lower than his original sentence of fifteen years. Carpenter has failed to state a claim for double jeopardy and has made no showing of judicial vindictiveness.
 
 
 33
 The rulings of the district court were proper in all respects.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David Alan Ezra, District Court of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3