_____

No. 95-2432
_____

United States of America,              *
                                       *
          Appellee,                    *
                                       *     Appeal from the United States
     v.                                *     District Court for the
                                       *     Western District of Missouri.
Kanchan Bala Sharma, also              *
known as Kay Bala, also known          *
as Kay Daken, also known as            *
Kanchan B. Daken,                      *
                                       *
          Appellant.                   *
                                 _____

                    Submitted:  December 12, 1995

                         Filed:  June 4, 1996
                                 _____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.
                                 _____


WOLLMAN, Circuit Judge.


     Defendant Kanchan Bala Sharma appeals from the imposition at
sentencing of a fine of $100,000.  We vacate the district court's fine
assessment and remand for reconsideration of the fine.


                          I.  Background


     On May 13, 1991, FBI agents received information from the Department
of Housing and Urban Development (HUD) that more than one million dollars
had been skimmed from seven different HUD-insured and/or co-insured multi-
family housing projects that were owned and operated by Sharma and several
of her family members.


     Sharma pleaded guilty to a one-count information charging her with
program fraud in the amount of $101,467.89 in violation of 18 U.S.C. §§
666, and 2.  Her offense level was calculated to be

twelve, with a criminal history category of one, providing for a sentencing range of ten to sixteen months' imprisonment (part of the term of which may be satisfied by supervised release) and a fine of $3,000 to $30,000.  See U.S.S.G. §§ 5C1.1(d) and 5E1.2(c)(3).

The district court initially sentenced Sharma to five months' imprisonment and three years' supervised release.  It ordered her to pay $101,467.89 in restitution and assessed a fine of $100,000.  In a motion for correction of sentence, Sharma contested the $100,000 fine as an improper departure from the Guidelines.  In response to this motion, the district court vacated the first sentence and gave the required notice that the court was considering an upward departure with respect to the fine.  See Burns v. United States, 501 U.S. 129, 138 (1991) (requiring a district court to give notice of intent to depart from Guidelines).  The court then entered an order clarifying that the sentence was not an upward departure under the Guidelines, but again noted that if the fine were construed to be a departure the order was notice that the court was contemplating such a departure.  Upon resentencing, in addition to imprisonment, supervised release, and restitution, a $100,000 fine was again imposed.  Sharma appeals that fine, arguing that it falls outside the applicable guidelines range; that the court failed to adequately justify its upward departure from that range; and that even if the fine does not constitute an upward departure, the court failed to consider the required factors set forth in U.S.S.G. § 5E1.2(d), before setting the amount of the fine.

## II.  The Fine

The Guidelines set out a procedure for a district court to follow in determining the amount, if any, that a defendant should be fined.  Section 5E1.2(a) specifies that "the court shall impose a fine in all cases, except where the defendant establishes that he

-2-

is unable to pay and is not likely to become able to pay any fine."  If the district court determines that a fine is appropriate, it must then look to section 5E1.2(c) for the appropriate fine range.  The Guidelines further require the court to consider a list of specified factors in determining the amount of the fine.  See U.S.S.G. § 5E1.2(d).

The fine imposed must be within the specified range unless:  1) the defendant establishes an inability to pay; 2) the fine is insufficient to pay the government's costs in relation to defendant's incarceration; 3) a statute requires otherwise; or 4) the district court determines that departure is appropriate.  U.S.S.G. § 5E1.2(b),(f),(i), and application note 4.

In addition to the requirement that the district court consider the section 5E1.2(d) factors -- a prerequisite to the imposition of any fine -- the district court's burden is enhanced when it decides to depart from the specified guidelines range.  Departure from the applicable range is permissible only upon a finding that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also United States v. Duranseau, 26 F.3d 804, 811 (8th Cir. 1994), cert. denied, 115 S Ct. 341 (1994).  To aid in this analysis, the Sentencing Commission has provided a non-restrictive list of certain factors that were not fully considered in formulating the Guidelines and would thus serve as an appropriate basis for departure.  See U.S.S.G. § 5K2.  Departure is appropriate "only in the extraordinary case -- the case that falls outside the heartland for the offense of the conviction."  United States v. McFarlane, 64 F.3d 1235, 1239 (8th Cir. 1995) (quoting United States v. Jackson, 30 F.3d 199, 201 (1st Cir. 1994)). The statutory maximum, which is set out in 18 U.S.C. § 3571(b) for various categories of offenses, establishes a ceiling

above which the district court may not depart.

The district court's imposition of a fine above the applicable $3,000 to $30,000 range constitutes an upward departure.[1] Accordingly, we review the fine using the three-step analysis applicable to an upward departure. See United States v. Otto, 64 F.3d 367, 371 (8th Cir. 1995), cert. denied, 116 S. Ct. 956 (1996). We consider: (1) whether, as a question of law, the circumstances the district court relied on for departure are sufficiently unusual in a kind or degree to warrant departure; 2) whether, as a question of fact, the circumstances justifying departure actually exist; and 3) whether the sentence is reasonable. Id.

With respect to the first two questions, the district court justified its upward departure on the grounds that "the Guidelines fail in any measure to reflect the willful, deliberate, and repetitious malfeasance of defendant in the management of the property and its woefully deplorable condition when she returned it to HUD." Articulated as such, the district court's reason for departure may very well have been appropriate. The record, however, is devoid of any factual support for the court's reasoning.

The government arrived at Sharma's resentencing hearing prepared to offer the testimony of a witness who would establish the condition of the property when it was returned to HUD. At that point, Sharma's counsel requested a continuance to prepare rebuttal

---

[1]We reject the argument that the alternative maximum fine provision of U.S.S.G. § 5E1.2, application note 2, trumps the applicable Guidelines range and thus renders the fine of $100,000 not a departure. Although the Guidelines commentary does provide that a departure may be warranted when two times either the amount of gain to the defendant or the amount of loss caused by the defendant exceeds the maximum of the fine guideline range, such a deviation remains a departure, and as such must be justified under the provisions of 18 U.S.C. § 3553. See U.S.S.G. § 5E1.2, application note 4.

evidence on the issue.  The request was denied, and the $100,000 fine was imposed without hearing evidence from either party on the issue.

Without record support, the district court's conclusory statements justifying the departure do not afford us an adequate basis to determine whether an upward departure from the fine range was based on a factor not adequately considered in the Guidelines.  See United States v. Cammisano, 917 F.2d 1057, 1064 (8th Cir. 1990).  Thus, we vacate the imposition of the fine and remand the case for the entry of further findings following the introduction of such evidence as the parties may offer concerning the appropriateness of an upward departure.  In addition to a consideration of the factors set forth in section 5E1.2(d) of the Guidelines, any decision to depart upward from the guideline range will, of course, include an explanation for both the district court's decision to depart and the extent of the departure.  Id. at 1064.

The fine is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.