**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-4187

United States of America,

        Appellee,

v.

Joseph James Bongiorno, also known
as Joe Bongiorno, also known as
Papa Joe,

        Appellant.

Appeal from the United States
District Court for the
District of Nebraska.
[PUBLISHED]

_____

Submitted: February 6, 1998

Filed:  March 25, 1998

_____

Before  BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

After Joseph James Bongiorno pleaded guilty to having violated 21 U.S.C.
§§ 841(a)(1) and 846, the district court sentenced him to 41 months' imprisonment and
six years' supervised release.  On appeal, Bongiorno argues that the district court's
imposition of the six-year supervised release term violates the three-year maximum
supervised release term for a Class C felony found in 18 U.S.C. § 3583(b)(2).  He

additionally argues that the district court erred in imposing special conditions of supervised release relating to community service and alcohol.

Initially, we note that our review is for plain error, because Bongiorno failed to raise either of his arguments below. See United States v. Manzer, 69 F.3d 222, 231 (8th Cir. 1995); see also Fed. R. Crim. P. 52(b). Plain error occurs when the district court deviated from a legal rule, the error is clear under current law, and the error affected the defendant's substantial rights. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

We reject Bongiorno's argument that the imposition of the six-year term of supervised release was plainly erroneous. See United States v. LeMay, 952 F.2d 995, 998 (8th Cir. 1991) (per curiam) (supervised release term is plainly erroneous when it is imposed in violation of law). The applicable sentencing statute, 21 U.S.C. § 841(b)(1)(C), subjected Bongiorno to a supervised release term of "at least three years." Although the minimum term under section 841(b)(1)(C) is the same as the maximum term under section 3583(b)(2), we disagree with Bongiorno that the six-year term was illegal.

As we explained in LeMay, the Anti-Drug Abuse Act of 1986--under which Bongiorno was sentenced--amended section 3583(b) by adding the caveat "[e]xcept as otherwise provided" to the maximum supervised release terms authorized therein so as to eliminate any conflict with statutes such as section 841(b), which authorize supervised release terms that exceed those set forth in section 3583(b). See LeMay, 952 F.2d at 998 (where § 3583(b) authorized maximum supervised release term of five years and § 841(b)(1)(A) required supervised release term of at least five years, ten-year term of supervised release was not illegal); see also United States v. Eng, 14 F.3d 165, 172 (2d Cir. 1994) (concluding lifelong term of supervised release did not violate § 3583(b), even though five-year minimum supervised release term in § 841 was same as maximum supervised release term in § 3583(b)).

We also reject Bongiorno's challenges to the special conditions of his supervised release. The requirement to complete community service is expressly authorized under U.S. Sentencing Guidelines Manual § 5F1.3 (1997), and we decline to exercise our remedial discretion to review the condition that Bongiorno not consume or have anything to do with alcohol during the period of supervised release.

The judgment is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

In this case, the district court ignored our holdings in United States v. Bass, 121 F.3d 1218 (8th Cir. 1997), United States v. Stoural, 990 F.2d 372 (8th Cir. 1993), and United States v. Prendergast, 979 F.2d 1289 (8th Cir. 1992), and imposed conditions on the defendant in this case that were clearly illegal. In sentencing the defendant, the district court conditioned a six-year term of supervised release on the defendant not using or possessing alcohol and submitting to testing to detect the use of alcohol. Under the terms of his supervised release, moreover, the defendant was subject to warrantless searches and seizures to determine whether he possessed alcohol.

Despite the plain unlawfulness of these terms in cases like the present one, in which there is no evidence whatever that alcohol was in any way related to the offense, the court concludes that the conditions imposed did not affect the defendant's substantial rights. Given the severity of the restrictions, I am unable to accede to this characterization. Given, too, the likelihood of a successful claim that counsel was ineffective at sentencing for not objecting to the conditions imposed, the court's holding seems to me not only incorrect but entirely ineffective in the long term.

I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.