# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1556

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Clarence Elijah Hendricks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 1998

Filed: March 30, 1999

_____

Before BEAM, LOKEN, Circuit Judges, and BOGUE[1], District Court Judge.

_____

BEAM, Circuit Judge.

Clarence Elijah Hendricks entered a plea of guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841. After applying the United States Sentencing Guidelines safety-valve provision, the district court sentenced Hendricks to 76 months of imprisonment and ten years of supervised release. Hendricks appeals the supervised release portion of his sentence, claiming that the

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

opening of the safety-valve precludes a ten-year term of supervised release.  We agree and reverse.

## I.    BACKGROUND

Hendricks entered a plea of guilty to a violation of 21 U.S.C. §§  841(a)(1) and 841(b)(1)(A) (possession of crack cocaine with intent to distribute).   Because Hendricks had previously been convicted of a drug felony, section 841(b), a mandatory minimum statute, provides for a mandatory sentence of twenty years to life in prison followed by at least ten years of supervised release.  See 21 U.S.C. § 841(b)(1)(A). The trial court, however, found that Hendricks qualified for the safety-valve provision in section 5C1.2 of the sentencing guidelines. This safety-valve language directs the court to sentence a defendant under the sentencing guidelines, without regard to the statutory minimum.  Accordingly, the district court sentenced Hendricks to 76 months of imprisonment,[2] but nevertheless sentenced Hendricks to the statutory minimum of ten years of supervised release.

At the sentencing hearing, the court stated that it believed it was bound by the ten-year term of supervised release contained in the mandatory minimum statute.  The court also stated that, "in any event, I think ten years is the appropriate term of supervised release in this case."  Hendricks appeals the ten-year term of supervised release, claiming that the court lacked authority to impose a term of  supervised release based upon the mandatory minimum statute, rather than the three- to five-year term provided by the sentencing guidelines.

---

[2]After applying credit for acceptance of responsibility, Hendricks was at an offense level of 29 with a criminal history category of 1.  The corresponding  penalty calls for imprisonment of 87-108 months, and for a term of supervised release of three to five years.  See U.S.S.G. §§ 5A, 5D1.2(a)(1).  The government then moved for downward departure for substantial assistance.

## II.  DISCUSSION

As a general rule, when a sentence calculated under the guidelines falls short of a sentence found in a mandatory minimum statute, the statute controls.  See United States v. Stoneking, 60 F.3d 399, 402 (8th Cir. 1995) (en banc).  The Mandatory Minimum Sentencing Reform Act provides an exception, a safety-valve, to the application of mandatory minimum sentences in some cases.  See 18 U.S.C. § 3553(f).  The safety-valve was created to respond to instances when offenders with markedly different degrees of culpability nonetheless received similar or identical sentences because the courts were unable to apply the mitigating factors allowed by the guidelines.  See H.R. Rep. No. 013-460, at 4 (1994).  The safety-valve was also incorporated into the sentencing guidelines.  See U.S.S.G. § 5C1.2.  This guideline states: "In the case of an offense under 21 U.S.C. § 841 . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory

minimum sentence, if the court finds that the defendant meets [certain qualifications]."[3] U.S.S.G. § 5C1.2.

The United States Sentencing Commission later amended the guidelines to clarify the application of the section 5C1.2 safety-valve. See U.S.S.G. App. C, amend. 570 (Nov. 1997). Application note nine to the safety-valve section now reads: "A defendant who meets the criteria under this section is *exempt from any* otherwise applicable statutory minimum sentence of imprisonment and *statutory minimum term of supervised release*." U.S.S.G. § 5C1.2, comment. (n.9) (emphasis added). This note makes it clear that the safety-valve applies to both terms of imprisonment and terms of supervised release.

---

[3] The safety-valve is intended for a narrow class of less culpable defendants. A defendant must meet all of the following requirements:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

U.S.S.G. § 5C1.2.

The supervised release section of the guidelines, section 5D1.2, was also amended. Prior to the amendment, the supervised release guideline allowed a three- to five-year term of supervised release for a Class A felony, "*[p]rovided*, that the term of supervised release imposed shall in no event be less than any statutorily required term of supervised release." Former U.S.S.G. § 5D1.2 (1995) (emphasis in the original). After the amendment, the supervised release guideline now reads in pertinent part:

> (a)   Subject to subsection (b), if a term of supervised release is ordered, the length of the term shall be:
>       (1)   At least three years but not more than five years for a defendant convicted of a Class A or B felony . . . .
> (b)   Except as otherwise provided, the term of supervised release imposed shall not be less than any statutorily required term of supervised release.

U.S.S.G. § 5D1.2.

The phrase "[e]xcept as otherwise provided" in subsection (b) signals that there are now exceptions to the otherwise standard rule that mandatory minimum sentences trump guideline sentences provided for in subsection (a) if there is a conflict between the two. Two application notes to the supervised release guideline clarify what those exceptions are. The first note states: "A defendant who qualifies under [the safety-valve] is not subject to any statutory minimum sentence of supervised release. In such a case, the term of supervised release shall be determined under subsection (a)." U.S.S.G. § 5D1.2, comment (n.1) (citation omitted).

The sentencing guidelines are, of course, binding on federal district courts. See Koon v. United States, 518 U.S. 81, 92 (1996). And the official commentary to the guidelines must be given controlling weight unless it is plainly erroneous or inconsistent with the guideline. See Stinson v. United States, 508 U.S. 36, 44-45 (1993). The

application of the safety-valve provision is not discretionary once the court determines that the defendant meets the qualifications.  See 18 U.S.C. § 3553(f) ("the court *shall* impose a sentence pursuant to the guidelines. . . *without regard* to any statutory minimum sentence" (emphasis added));  U.S.S.G. § 5C1.2 ("the court *shall* impose a sentence *in accordance with the applicable guidelines* without regard to any statutory minimum sentence" (emphasis added)); U.S.S.G. § 5D1.2, comment. (n.1) ("the term of supervised release *shall* be determined under subsection (a)" (emphasis added)). Further support for the nondiscretionary nature of the safety-valve provision is found in the difference between the two application notes to the supervised release guideline. If the government moves for a downward departure under section 5K1.1 (substantial assistance to the prosecution), the court *may* depart from the statutory minimum.  See U.S.S.G. § 5D1.2, comment. (n.2).  But if the defendant qualifies for the safety-valve, the court *shall* determine the sentence without regard to any statutory minimums.  See id. (n.1); see also, United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir. 1996).

Determining Hendricks' term of supervised release after qualifying for the safety-valve is  straight forward.  Hendricks was convicted of a Class A felony, so the term of supervised release under the guidelines is three to five years.  See U.S.S.G. § 5D1.2(a).  Since Hendricks is exempt from any mandatory minimum term, the court must determine the term of supervised release without regard to the mandatory minimum statute.  The court has no authority to look to the statute in determining a sentence.  Therefore, the only place it can look is to the terms provided under the supervised release guideline.  The district court erred in its belief that it was bound by law to impose the statutory minimum.  Not only was the court not bound by the mandatory minimum statute, it had no authority to consider it at all.

The government attempts a grammatical sleight of hand by reasoning that, even though the safety-valve is an exception to section 5D1.2(b), thus requiring the court to determine the sentence under subsection (a), subsection (a) is itself subject to subsection (b) and thus the statutory minimum applies even though the defendant falls

within an express exception to it. Not only does the government pick and choose which phrases to read once and which to read twice in order to avoid an endless circle of reasoning, such an application would render portions of the guidelines meaningless. If the government is correct, terms of supervised release will always be determined by the mandatory minimum statute rather than by the guidelines. This flies in the face of the very language used in the sentencing guidelines and the enabling statute. "A defendant who qualifies under § 5C1.2 [the safety-valve] *is not subject to any statutory minimum sentence* of supervised release. In such a case, the term of supervised release shall be determined under subsection (a)." U.S.S.G. § 5D1.2, comment. (n.1) (citation omitted) (emphasis added). "A defendant who meets the criteria under this section is *exempt from any otherwise applicable* statutory minimum sentence of imprisonment and *statutory minimum term of supervised release*." U.S.S.G. § 5C1.2, comment. (n.9) (emphasis added).

Congress did not intend the benefits of the safety-valve to be illusory. The intent of Congress is clearly shown by the plain language of the statute and the guidelines. Moreover, legislative history shows that, when enacting 18 U.S.C. § 3553(f), Congress directed the Sentencing Commission to amend the guidelines in order "to ensure an *actual sentence reduction*" for those who qualified for the safety-valve provision. See H.R. Rep. No. 103-460, at 5 (1994) (emphasis added). In short, there is no support for the strained reading of the guidelines advanced by the government.

The government next asserts that the court nonetheless possessed the authority to sentence Hendricks to a ten-year term of supervised release. As explained above, the district court had no authority to look to the statute to determine the term of supervised release. In limited circumstances, district courts have the authority to depart from the guidelines. See U.S.S.G. §§ 5K2.0 - 5K2.18. See, e.g., United States v. Sharma, 85 F.3d 363, 364 (8th Cir. 1996) (departure warranted only when circumstances render the case outside the heartland of the offense of conviction). When departure is warranted, the court must make specific findings justifying the

departure. See 18 U.S.C. § 3553(c)(2). The court must also explain why the guideline sentence is inadequate, identify specific factual basis for departure and explain why the resulting sentence is reasonable. See United States v. Streeter, 907 F.2d 781 (8th Cir. 1990), overruled on other grounds by, United States v. Wise, 976 F.2d 393 (8th Cir. 1992). Here, the district court simply stated that ten years was "appropriate." Such a statement cannot provide for meaningful appellate review and does not support a departure to twice the maximum term of supervised release provided for in the guidelines.

The government also advances the reasoning this court relied on in United States v. LeMay, 952 F.2d 995 (8th Cir. 1991). LeMay dealt with the conflict between the default terms of supervised release provided in 18 U.S.C. § 3583(b), and the higher mandatory minimum terms found in 21 U.S.C. § 841(b)(1)(A). This court held that the phrase "except as otherwise provided," in section 3583(b), which introduces the general terms of supervised release for different classes of felonies, was specifically included to eliminate any conflict between the general provisions of section 3583(b) and the more stringent terms of supervised release contained in the recently enacted anti-drug statutes. See LeMay, 952 F.3d at 998.

LeMay is not applicable because it was not a safety-valve case. LeMay was decided three years before the safety-valve legislation was passed. LeMay is precisely on point as an illustration of the basic proposition that mandatory sentences provided by offense statutes trump the default terms of supervised release. However, the safety-valve was created to make an exception to that general rule.

## III. CONCLUSION

Since this was a Class A felony, the proper sentence should include a three- to five-year term of supervised release. Accordingly, the case is remanded to the district court for imposition of a sentence in compliance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.