# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4170

_____

UNITED STATES OF AMERICA,          *
                                       *

        Appellant,              *
                                       *

        v.                        *   Appeal from the
                                       *   United States District Court

STEPHANIE RIEDY,                *    For the Western District
                                       *    of Missouri.

        Appellee.             *

[UNPUBLISHED]

_____

Submitted:  June 15, 1999
Filed:     October 1, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER[1],
    District Judge

_____

PER CURIAM

      The United States appeals the district court's sentence of defendant Stephanie

Riedy.  We remand for resentencing.

_____

       [1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

BACKGROUND

Defendant owned and operated a pharmacy in Lebanon, Missouri. Between 1994 and 1996, defendant defrauded health insurers by claiming reimbursement for prescription drugs that she never dispensed, causing losses of about $111,000.

Mail fraud charges were brought against defendant separately in the Eastern and the Western Districts of Missouri. Only the Western District case is on appeal here.

Defendant pleaded guilty in both cases. In January 1998, defendant was sentenced in the Eastern District to two years' probation, with six months' home detention.

In November 1998, after defendant had completed her home detention for the Eastern District conviction, defendant was sentenced in the Western District. Although neither the parties nor the presentence report raised the issue, the district court at the sentencing hearing asked counsel why the two prosecutions against defendant had not been consolidated. See Fed. R. Crim. P. 20(a) (allowing transfer of case to another district for plea and sentencing, if U.S. Attorneys for both districts consent). The district court stated that

> this matter should have been handled by application of Rule 20 and consolidation and then whatever flows from that in terms of sentence, and not sentences. There has been a sentence served. Now admittedly not for the same misconduct but for similar conduct and for an offense, if it had been consolidated with this offense, would have resulted in one sentence to be served.

2

The district court then stated,

> I will deal with this charge and the charge in the [Eastern District] case as if they had been handled in the manner which I think it would be appropriate for them to have been handled. And that is to have been consolidated under Rule 20. And then announce it as the judgment of the court that the defendant is committed to the Bureau of Prisons for a period of five months to be served by a term of home confinement to be deemed time served by reason of the [Eastern District] sentence.

The court also imposed two years' supervised release. The court did not make findings on the total offense level or the extent of its apparent downward departure.

After the court pronounced the sentence, the probation officer stated that the sentence was outside the guideline range. The district court expressed regret but did not modify the sentence. The court also denied the prosecutor's oral motion to reconsider the sentence.[2]

On November 23, 1998, five days after the sentencing hearing, the district court entered its written judgment. The judgment stated that the sentencing guideline range was 10 to 16 months, based on a total offense level of 12 and a criminal history category of I. The judgment also stated, "Home detention [for five months] as to Count

---

[2]The government moves under Fed. R. App. P. 10(e) to amend the transcript of the sentencing hearing, contending that the district court stated, "I am not departing." The court reporter stands by the transcript's accuracy. We deny the government's motion to amend. See 28 U.S.C. § 753(b) (transcript certified by the court reporter "shall be deemed prima facie a correct record of the testimony taken in proceedings had").

3

2 of the Indictment and the Court deems that this time has been served due to the previous home detention served in the case concluded in the Eastern District of Missouri . . . ."  The judgment concluded "that a downward departure is warranted because this defendant should have received a single sentence from a single district court pursuant to Rule 20, Fed. R. Crim. P."

## STANDARDS

This court reviews for abuse of discretion a district court's decision to depart from the guideline sentencing range.  United States v. Decora, 177 F.3d 676, 677 (8th Cir. 1999) (citing Koon v. United States, 518 U.S. 81, 97-100 (1996)).  This court reviews questions of law de novo, including "'whether a factor is a permissible basis for departure under any circumstances.'"  United States v. Kalb, 105 F.3d 426, 428 (8th Cir. 1997) (quoting Koon, 518 U.S. at 81).

## DISCUSSION

We remand this case for resentencing.  The sentence imposed is inconsistent with the offense level and criminal history category determined by the court in the written judgment.  A total offense level of 12 and a criminal history category of I produce a guideline range of 10-16 months, requiring, at a minimum, 5 months' incarceration followed by 5 months' home detention.  See U.S.S.G. § 5C1.1(d)(2); id., comment. (n.4).  The sentence imposed was 5 months' home confinement, with no

incarceration. Because the district court credited defendant for the time served on the Eastern District sentence, defendant did not receive any home confinement or incarceration. Although the district court's written judgment (unlike the oral sentence) does state that the court is departing downward, the judgment does not explain the discrepancy between the guideline range and the sentence imposed. See United States v. Hendricks, 171 F.3d 1184, 1188 (8th Cir. 1999) (sentencing court must "explain why the resulting sentence is reasonable.").

## CONCLUSION

The sentence is vacated and the case is remanded for resentencing.

A true copy.


        Attest:



        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.