# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2729

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Richard R. Starnes, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 13, 2000

Filed:  February 14, 2001

_____

Before LOKEN and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

_____

PER CURIAM.

     Richard R. Starnes was charged in an eight-count indictment with possessing altered money orders, in violation of 18 U.S.C. § 500.  He pleaded guilty to Count 1 of the indictment in exchange for the government's dismissal of the remaining seven counts.  A presentence report was prepared, which yielded a guidelines range of 15 to 21 months imprisonment.  The district court departed upward from the guidelines

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

range, imposing the statutory maximum of five years. Starnes objected to the lack of prior notice of the district court's intention to depart upward and to the extent of the departure. The district court rejected both arguments and Starnes appeals, raising the same issues with this court. We affirm.

## I. Notice

Federal Rule of Criminal Procedure 32 requires a court to provide a defendant notice if it intends to depart upward from a defendant's guidelines sentencing range. See Burns v. United States, 501 U.S. 129, 138-39 (1991). This court has held that inclusion in a presentence report of the grounds that may form the basis for an upward departure satisfies the rule. See United States v. Hill, 951 F.2d 867 (8th Cir. 1991). Here, the presentence report included a section entitled, "FACTORS THAT MAY WARRANT DEPARTURE." The section read as follows:

> The Court may consider U.S.S.G. § 4A1.3 to determine if the defendant's criminal history category represents the seriousness of his past criminal conduct. The defendant has well over 20 criminal history points. The defendant has continued the same type of criminal activity as in the past.

In our view, this was sufficient notice to Starnes concerning the possibility of an upward departure.

## II. The Extent and Reasons for Departure

The district court stated that it departed upward because Starnes's past and present conduct warranted a departure. The court referred to U.S. Sentencing Guidelines Manual § 4A1.3, which permits an upward departure if a defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. The court pointed out that Starnes had been sentenced on several prior occasions for

burglary, theft, attempted theft, and forgery.  The court further noted that Starnes had been sentenced in 1996 for a crime identical to the crime with which he was charged in this case.

We review the district court's decision under an abuse-of-discretion standard. We find no abuse here.  The guidelines specifically authorize a departure if the court finds that "[t]here exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  18 U.S.C. § 3553(b); see also United States v. Sharna, 85 F.3d 363, 364 (8th Cir. 1996).

In conducting our review, we defer to the district court in the critical issue of whether a given factor is present to a degree not adequately considered by the United States Sentencing Commission.  See United States v. Coon, 187 F.3d 888, 899-900 (8th Cir. 1999), cert. denied, 120 S. Ct. 1417 (2000).  We agree with the district court that the factors it cited were appropriate in considering the propriety of an upward departure.

After carefully reviewing the entire record, we affirm the judgment of the district court.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-