# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2465

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Terrence S. Diamond, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 4, 2004

Filed: February 18, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Terrence S. Diamond pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court[1] departed upward to a Category V criminal history and sentenced Diamond to 105 months in prison and 3 years supervised release. On appeal Diamond argues the district court erred in departing upward without comparing his criminal history to that of most defendants with a Category V criminal

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

history, and by failing to enumerate what specific aspects of his background warranted an upward departure.

After carefully reviewing the record de novo, see United States v. Flores, 336 F.3d 760, 763 (8th Cir. 2003), we conclude that Diamond's arguments are either without legal merit or are unsupported by the record, see United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000) (district court is not required to compare defendant explicitly to other offenders in particular criminal history category before departing upward); United States v. Hendricks, 171 F.3d 1184, 1188 (8th Cir. 1999) (when departing, court must explain why Guidelines sentence is inadequate, identify specific factual basis for departure, and explain why resulting sentence is reasonable); U.S.S.G. § 4A1.3, p.s. (court may depart upward if reliable information indicates that defendant's criminal history category does not reflect seriousness of his past criminal conduct or likelihood he will commit other crimes).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____