# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1470

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Thedell Doss, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: November 14, 2011
Filed: November 25, 2011

———————

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

———————

PER CURIAM.

Thedell Doss, Jr., pleaded guilty to distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He completed his 200-month sentence of imprisonment and began a five-year term of supervised release on August 2, 2006. On February 8, 2011, Doss's probation officer moved to revoke supervision alleging Doss had violated the conditions of his release by committing another crime, namely, trafficking in drugs in violation of Missouri state law. Doss admitted the violation but opposed the petition to revoke his supervised release arguing he could not be subject to revocation because he had been on supervised release for more than three years. He claimed his five-year term of supervised release was improper because it exceeded

the three-year period authorized by 18 U.S.C. § 3583(b)(2) for a Class C felony such as his.

The district court[1] concluded the five-year term of supervised release imposed by the original sentencing court was authorized by 21 U.S.C. § 841(b)(1)(C), revoked Doss's supervised release, and sentenced him to an additional twenty-four months of imprisonment. Doss filed a timely appeal renewing the argument that his original five-year term of supervised released was improper.

The three-year limit on supervised release for Class C felonies under § 3583(b)(2) applies only "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b). "In United States v. LeMay, 952 F.2d 995, 998 (8th Cir. 1991), we held that the maximum-term limitations in 18 U.S.C. § 3583(b) do not apply when a statute such as 21 U.S.C. § 841(b) expressly authorizes a longer term of supervised release." United States v. Scott, 243 F.3d 1103, 1108 (8th Cir. 2001). Here, Doss was sentenced "to a term of supervised release that did not exceed the maximum term authorized under 21 U.S.C. § 841(b)(1)(C) ('at least 3 years')" and thus there was no error. Id.; see also United States v. Deans, 590 F.3d 907, 911 (8th Cir. 2010) ("[T]he relevant sentencing statute, 21 U.S.C. § 841(b)(1)(C), expressly trumps the generally applicable terms of supervised release set forth in 18 U.S.C. § 3583(b)."); United States v. Bongiorno, 139 F.3d 640, 640-41 (8th Cir. 1998) (following LeMay).

We therefore affirm.

_____

_____

[1]The Honorable Jean C. Hamilton, United States District Court for the Eastern District of Missouri.