**PEOPLE of the Territory of Guam,
Plaintiff–Appellee,**

v.

**Pedro D. MATERNE, Defendant–
Appellant.**

**No. 94–10513.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 1995.*

Decided Dec. 12, 1995.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

John E. Moore, Ching, Boertzel, Civille, Dooley & Roberts, Agana, Guam, for defendant-appellant.

J. Andrew Artero–Boname, Assistant Attorney General, Agana, Guam, for the plaintiff-appellee.

Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether a sentence was properly amended to include a three-year general parole term and a consecutive three-year special parole term.

**I**

Materne pleaded guilty to manslaughter (9 Guam Code Ann. § 16.40) and possession and use of a deadly weapon in the commission of a felony (9 Guam Code Ann. § 80.37). On October 15, 1981, the Guam Superior Court orally sentenced Materne to eight years imprisonment on the manslaughter count. On the deadly weapon count, the court added the mandatory minimum sentence of five years imprisonment and three years of special parole pursuant to 9 Guam Code Ann. § 80.37. The written judgment issued days later confirmed such sentence, with the exception that it failed to mention the special parole term. The judgment also indicated that Materne was to serve the five-year term on the deadly weapon count first.

Just before Materne completed his prison terms, a parole officer informed the Guam Superior Court that the judgment failed to mention the special parole term. On November 9, 1993, four days before Materne's scheduled release from prison, the Superior Court heard arguments regarding the amendment of the original written judgment to include the statutorily required special parole term. The Superior Court declined to amend the written judgment, concluding that Materne "is free to be released without parole."

On appeal, the District Court of Guam, Appellate Division, reversed the Superior Court and ordered that the three-year special parole term be served consecutively both to Materne's two terms of imprisonment and to a three-year general parole term. Materne appeals. We have jurisdiction pursuant to 48 U.S.C. § 1424–3(c).

**II**

Section 80.37 of Title 9 of the Guam Code provides:

> Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony ... shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than (5) years.... The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment.... *The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.*

9 Guam Code Ann. § 80.37 (emphasis added).

■ Materne claims that he has already served the three-year special parole term. He claims that he began serving the parole term upon finishing the first five years of his

prison sentence served on the deadly weapon count, to which the special parole term is attached, and completed it while serving the next eight years on the manslaughter count.

We reject Materne's argument. Section 80.37's language, when taken as a whole, communicates unambiguously its intent to prohibit concurrent prison and parole terms. The last sentence of the section states that "[t]he term required to be imposed by this Section shall not run concurrently with any term of imprisonment...." Earlier in the section, it is clear that "the term" to be imposed includes both a term of not less than five years in prison *and* a term of not less than three years of special parole. Such clear language precludes any other plausible interpretation of section 80.37.

### III

■ Section 80.70(b) provides: "A sentence to a fixed term of imprisonment includes, as a separate portion of the sentence, a term of parole ... [of] three years."

Materne claims that the district court erred in ordering that his special parole run consecutively to his general parole term under 9 Guam Code Ann. § 80.70.[1] He claims that section 80.37's language does not preclude concurrent parole terms or at least is sufficiently ambiguous to invoke the rule of lenity. *See McNally v. United States*, 483 U.S. 350, 359–60, 107 S.Ct. 2875, 2881–82, 97 L.Ed.2d 292 (1987) (holding that when two reasonable readings of a criminal statute exist, courts may choose harsher reading only where legislature has spoken in clear language).

As noted above, section 80.37 states that "[t]he term required to be imposed by this Section shall not run concurrently with any *term of imprisonment* imposed for the commission of any other felony" (emphasis add-

ed). On its face, this limitation has no bearing on the permissibility of concurrent parole terms. Nowhere does section 80.37 expressly forbid a special parole term from running concurrently with a general parole term. The significance of this omission is magnified by the fact that other sections of the Guam Code do expressly prohibit concurrent service of parole terms. For example, 9 Guam Code Ann. § 80.33.7 provides: "The special parole term provided for in this Section and in § 80.33.9 of this Title is in addition to and not in lieu of any other parole provided for by law." Such prohibitions elsewhere, combined with section 80.37's own explicit ban only on concurrent prison/special parole service, suggest that Materne's reading of the section is at least reasonable.

Guam reads section 80.37 as prohibiting concurrent special and general parole terms and relies on both section 80.37's legislative purpose and section 80.33.7's test. First, Guam points to *People of the Territory of Guam v. Borja*, 732 F.2d 733, 736 (9th Cir.), *cert. denied*, 469 U.S. 919, 105 S.Ct. 300, 83 L.Ed.2d 235 (1984), in which we stated that section 80.37's purpose was "to impose additional punishment on those who use weapons during the commission of felonies." We held that a defendant convicted for burglary and possession of a deadly weapon under section 80.37 must serve his prison terms consecutively, because concurrent terms would "rob section 80.37 of any effect." *Id.* However, *Borja* addressed only the issue of concurrent prison terms—a result that section 80.37 expressly forbids ("The term required to be imposed by this Section shall not run concurrently with any *term of imprisonment* imposed for the commission of any other felony." (emphasis added)). There simply is no clear statement on the possibility of concurrent parole terms.

---

1. As a preliminary matter, Materne argues in passing that, because the Superior Court never addressed the general parole term in the first place, the district court had no authority on appeal to order Materne to serve it. However, the Superior Court did in effect address Materne's obligation to serve general parole. Both the oral and written orders suggest that Materne's entire parole obligation, including that under § 80.70, was waived. At oral sentencing,

the Superior Court judge's statement that Materne was "free without parole" logically includes the general parole required under § 80.70. Likewise, the written judgment's conclusion that Materne had "served his full sentence" suggests that he was not obligated to serve his general parole. Having been effectively waived by the Superior Court, the general parole term was properly considered by the district court.

Second, Guam claims that section 80.33.7's explicit prohibition of concurrent general and special parole terms applies to section 80.37 as well. This assertion ignores the plain language of section 80.33.7, which limits its application to "this Section and in § 80.33.9 of this Code." By expressly limiting the definition's scope to these enumerated sections, the Guam legislature would seem to be distinguishing the special parole in these sections from that mentioned in section 80.37.

■ Guam's arguments, while plausible, are insufficient to render Materne's interpretation of section 80.37 unreasonable. Under *McNally*, 483 U.S. at 360, 107 S.Ct. at 2882, the rule of lenity applies where a criminal statute is vague enough to deem both the defendant's and the government's interpretations of it as reasonable. Only where the defendant's interpretation is unreasonable does the rule of lenity not apply. Applying the rule, special parole under section 80.37 should be allowed to run concurrently with general parole under section 80.70. We therefore reverse the district court's order to the extent it required Materne to serve a special parole term consecutively to his general parole term.

## IV

■ Materne next claims that section 80.37 is unconstitutionally vague because it fails to define the parameters of "special parole."[2]

"[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. 114, 123, 99

S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). In *United States v. Arellanes*, 767 F.2d 1353, 1359 (9th Cir.1985), we held that a special parole provision (21 U.S.C. § 841(b)(1)(A)) similar to section 80.37 was not unconstitutionally vague even though it failed to delineate the maximum limit of the special parole term.[3] We stated that the statute's special parole term was appropriate because the "vast amount of judicial discretion in the imposition of special parole terms has not been found to violate the due process clause." *Id.; see also United States v. Kuck*, 573 F.2d 25, 26 (10th Cir.1978) (holding that there is no constitutional requirement that a statute spell out the terms and conditions of parole).

Section 80.37 is sufficiently clear to satisfy due process. Like its federal counterpart, section 80.37 provides specific minimum prison and special parole provisions for previously-defined criminal behavior, and defines circumstances under which the special parole may or may not run concurrently with other punishment. Further, it provides a timetable according to which offenders may be eligible for special parole, probation and work release programs—an explanation that 21 U.S.C. § 841 lacks.[4]

## V

■ Materne claims that the district court's amendment of his sentence shortly before his release from prison violates his constitutional due process rights. To support this claim, Materne likens himself to the defendant in *DeWitt v. Ventetoulo*, 6 F.3d 32, 34 (1st Cir.1993), whose upward revision the First Circuit deemed a due process violation

---

2. As a threshold matter, the government claims that Materne is barred from bringing this constitutional claim because he failed to raise it at trial. However, Materne did raise this issue in the district court as an alternative ground for affirming the Superior Court's decision to waive the special parole requirement. Because the district court considered the issue in its decision, it is henceforth preserved and can be raised before this court. *See Zobrest v. Catalina Foothills School Dist.*, —— U.S. ——, ——, 113 S.Ct. 2462, 2466, 125 L.Ed.2d 1 (1993).

3. The section at issue in *Arellanes* provided: "Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special

parole term of at least 3 years in addition to such term of imprisonment and shall, if there was ... a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(A) (1981). Nowhere in this section of the Code is there any general definition of "special parole" to provide further guidance.

4. 9 Guam Code Ann. § 80.37 states that "[n]o person convicted and sentenced hereunder shall be eligible for parole or probation," or, "to participate in any work release program until he shall have served at least five (5) years."

because it shattered his "reasonable expectations of the sentence's finality."

In the analogous situation of determining whether such revisions violate double jeopardy rights this court has addressed the notion of defendants' "reasonable expectations of finality." In *United States v. Contreras–Subias,* 13 F.3d 1341, 1346 (9th Cir.1994), we held that "there can be no reasonable expectation of finality as to sentences that are illegal." Here, Materne's sentence was an illegal one because it ignored section 80.37's mandatory special parole provisions. Pursuant to this court's ruling in *Contreras–Subias,* his sentence allows for no reasonable expectation of finality. Thus, his sentence revision could not have violated his constitutional due process rights.

## VI

For the above reasons, the opinion of the District Court of Guam, Appellate Division, is affirmed to the extent it held that Materne was required to serve general and special parole terms. It is reversed, however, to the extent it held that the terms must be served consecutively.

AFFIRMED in part and REVERSED in part.