**UNITED STATES of America, Plaintiff**

v.

**William CORTES CLAUDIO,
Defendant**

**No. CIV 98–72–PG.**

United States District Court,
D. Puerto Rico.

July 2, 2001.

Roberto Roldan–Burgos, Rio Piedras, PR, Peter Berkowitz, Cambridge, MA, William D. Matthewman, Boca Raton, FL, for Edsel Torres–Gomez (1) aka "Negri", defendant.

John E. Bergendahl, Miami, FL, Robert W. Odasz, Carolina, PR, for Hector Ayala–Adorno (2) aka Cano Camry, defendant.

Edgar R. Vega–Pabon, Hato Rey, PR, Jose A. Andreu–Fuentes, Caguas, PR, for Luis Rivera–Newton (3) aka "Luis El Mono", defendant.

Jose R. Aguayo, Hato Rey, PR, Joseph C. Laws, Federal Public Defender Office, San Juan, PR, Richard O. Dansoh, Miami, FL, Juanita Trevino–Monserrate, Guaynabo, PR, for Francisco Fernandez–Rios (4), defendant.

Rafael F. Castro–Lang, San Juan, PR, for William Cortes–Claudio (5), defendant.

Joaquin Pena–Rios, San Juan, PR, for Edilberto Jurado–Lopez (7) aka "Eddie El Sapo" aka Edilberto Lopez–Laureano, defendant.

Hugo Roberto Santa–Baez, San Juan, PR, pro se.

Gabriel Hernandez–Rivera, San Juan, PR, for Hugo Roberto Santa–Baez (8) aka Hugo La–Santa, defendant.

Aixa Maldonado–Quinones, U.S. Attorney's Office Distric of P.R., Civil Division, Hato Rey, PR, Miguel A. Pereira, Mark Irish, Asst. U.S. Attorney, U.S. Attorney's Office Distric of P.R., Criminal Division, Hato Rey, PR, for U.S. Attorneys.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Defendant William Cortes Claudio has filed a Motion to Correct Sentence. (Dkt. 353) In the motion, Defendant asserts that the Court incorrectly considered evidence of a prior conviction and used that prior conviction evidence to improperly increase Defendant's term of supervised release from a maximum of five years to ten years. *See* 21 U.S.C. § 851(a)(1).[1] Defendant is incorrect. Defendant also filed a Motion Requesting Court Reissue Order to Lack of Receipt (Dkt.462) whereby Defendant avers that he never received a copy of an order denying his previous Motion to Correct Sentence.

The Court agrees that Defendant had no prior conviction and no prior conviction attestation was used by the Court to set Defendant's term of supervised release at

---

1. **§ 851. Proceedings to establish prior convictions**

   (a) Information filed by United States Attorney (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

10 years. Rather, the Court looked at the factors set forth in 18 U.S.C. § 3583(d)(1)-(3) and § 3553(a)(2)(A)(B)(C) & (D).[2]

Defendant was convicted of violating § 841(b)(1)(A)(ii), a class A felony. The Court sentenced Defendant, who was subject to 10 years to life, to 151 months in prison and 10 years supervised release. Defendant does not contest the length of the prison term, but rather focuses on the supervised release term.

**2.** 21 U.S.C. § 841(b)(1)(A)(ii)—**Penalties**— "any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving—(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—(II) cocaine, its salts, optical and geometric isomers, and salts of isomers; such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life .... Any sentence under this subparagraph shall, in the absence of such prior conviction, impose a supervised release of at least 5 years in addition to such term of imprisonment ...."

**§ 3553. Imposition of a sentence**
(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

  &ast; &ast; &ast; &ast; &ast; &ast;

(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**§ 3581. Sentence of imprisonment**
(a) In general.—A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment.
(b) Authorized terms.—The authorized terms of imprisonment are—
(1) for a Class A felony, the duration of the defendant's life or any period of time.

■ Section 3583(a) & (b) directs that if the court imposes a term of supervised release for a Class A felony, it shall be no more than 5 years. However, § 3583(b) contains language which permits a court to go above the limits set forth in § 3583. "Except as otherwise provided" clearly allows a court, where so directed, to impose a longer term of supervised release. This is exactly what 21 U.S.C. § 841(b)(1)(A)(ii) directs. Section 841(b)(1)(A)(ii) states that

**§ 3583. Inclusion of a term of supervised release after imprisonment**
(a) In general.—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.
(b) Authorized terms of supervised release.— Except as otherwise provided, the authorized terms of supervised release are—
(1) for a Class A or Class B felony, not more than five years.
(c) Factors to be considered in including a term of supervised release.—The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).
(d) Conditions of supervised release.—&ast; &ast; &ast; The court may order, as a further condition of supervised release, to the extent that such condition—
(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

  &ast; &ast; &ast; &ast; &ast; &ast;

and any other condition it considers to be appropriate.

"[a]ny sentence under this subparagraph shall, in the absence of such prior conviction, impose a supervised release of at least 5 years in addition to such term of imprisonment . . . ." [3] *See United States v. Williams*, 65 F.3d 301, 309 (2d Cir.1995) (holding that § 3583(b)(1) does not apply to an offense under 21 U.S.C. § 841(b)(1)(B)); *United States v. Eng*, 14 F.3d 165, 172–73 (2d Cir.), *cert. denied*, 513 U.S. 807, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994) (holding that provision of § 841(b)(1)(A) was not subject to five year maximum of § 3583(b)(1) since a construction would rob the term "at least" of any meaning); *United States v. Gallego*, 247 F.3d 1191, 1199 n. 17 (11th Cir.2001) (Finding that the defendant's term of five years supervised release was proper according to 21 U.S.C. § 841(b)(1)(A) (requiring that the court impose "at least 5 years" of supervised release when a defendant possesses five or more kilograms of cocaine)); *United States v. Pratt*, 239 F.3d 640, 646–48 (4th Cir.2001) (holding that a sentence of five years supervised release under 21 U.S.C. § 841(b)(1)(C) is not error at all, because section 841(b)(1)(C) provides for "at least 3 years" of supervised release and 18 U.S.C. § 3583 does not provide otherwise); *United States v. Heckard*, 238 F.3d 1222, 1236–37 (10th Cir.2001) (same); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933 (8th Cir.), *cert. denied*, 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000) (same); *United States v. LeMay*, 952 F.2d 995, 998 (8th Cir.1991) (held that the maximum-term limitations in 18 U.S.C. § 3583(b) does not apply when a statute such as 21 U.S.C. § 841(b) express-

ly authorizes a longer term of supervised release); *United States v. Bongiorno*, 139 F.3d 640, 640–41 (8th Cir.), *cert. denied*, 525 U.S. 865, 119 S.Ct. 155, 142 L.Ed.2d 127 (1998) (upheld a six-year term of supervised release under § 841(b)(1), rather than the three-year maximum term under § 3583(b)(2)); *United States v. Garcia*, 112 F.3d 395, 398 (9th Cir.1997) (adopting the holding in *United States v. Eng*, 14 F.3d 165 (2d Cir.1994) as the law of the Ninth Circuit as well). "[A] maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." *Edwards v. United States*, 523 U.S. 511, 514, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). *See also Apprendi v. New Jersey*, 530 U.S. 466, 497, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Japa*, 994 F.2d 899, 905 (1st Cir.1993).

A court should, as a matter of course, explain its decisions. An imposition of a supervised release term is no exception. Section 841(b)(1)(A)(ii) requires a court to impose a supervised release term of at least 5 years. The Court need not explain for imposing a ten year term of supervised release because § 841(b)(1)(A) *required* the Court to impose a term of supervised release of "at least" 5 years. Thus, the statutory maximum term of supervised release under this section is life. *See United States v. Gibbs*, 58 F.3d 36 (2d Cir.1995).

■ In arriving at a term of supervised release of ten years, the Court carefully considered all the relevant evidence and circumstances for Defendant William Cortes Claudio, as well as the factors set

---

**3.** 21 U.S.C. § 841(b)(1)(A)(ii)—**Penalties**— "any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving—(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—(II) cocaine, its salts, optical and geometric isomers, and salts of

isomers; such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life .... Any sentence under this subparagraph shall, in the absence of such prior conviction, impose a supervised release of at least 5 years in addition to such term of imprisonment ....

forth in 18 U.S.C. § 3553(a)(2): (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court analysis led to the application of factors (A) through (C). Only subsection (D) did not apply to Defendant in this case. In the Judgment (Dkt.346), the Court cited the objectives of punishment and deterrence in sentencing Defendant to 151 months imprisonment and 10 years of supervised release. Both are within the sentencing guidelines and appropriate considering the nature of the offense.

Wherefore, Defendant's motions are **DENIED.**

**IT IS SO ORDERED.**