# United States Court of Appeals
## For the First Circuit

No. 01-1744

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD ALBANESE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Torruella and Lipez, Circuit Judges,

and McAuliffe,[*] District Judge.

Marcia G. Shein, on brief, for appellant.
Donald C. Lockhart and Kenneth P. Madden, Assistant U.S.
Attorneys, with whom Margaret E. Curran, United States Attorney,
were on brief, for appellee.

April 24, 2002

---

[*]  Of the District of New Hampshire, sitting by designation.

**Per Curiam**.  Defendant Richard Albanese was convicted of conspiracy to distribute drugs, possession of marijuana, and money laundering.  He appeals the sentence he received, alleging that the district court erred in calculating his Criminal History Category and that his counsel provided ineffective assistance at sentencing.  Because we find that the defendant was not prejudiced by any alleged error, we affirm his sentence.

## I.

On April 5, 2000, defendant Albanese was named in a six-count indictment that charged him with: conspiracy to distribute and possess with intent to distribute over 1,000 kilograms of marijuana (Count I); possession with intent to distribute over 100 kilograms of marijuana (Counts III and IV); conspiracy to distribute and possess with intent to distribute over 100 kilograms of marijuana (Count V); and attempted possession with intent to distribute over 100 kilograms of marijuana (Count VI).

Counts V and VI were severed, and the defendant proceeded to trial on these counts.  On November 17, 2000, after a three-day trial, the jury convicted Albanese on Count VI.  The district court declared a mistrial as to Count V.

On January 31, 2001, the defendant entered into a plea agreement to plead guilty to Counts I, III, and IV.  Under the agreement the defendant was also obligated to plead guilty to a one-count information, to be filed by the government, charging the defendant with money laundering, in violation of 18 U.S.C. § 1957.  All counts were consolidated for sentencing.

The Probation Department issued a final Presentence Report ("PSR") on April 30, 2001. In calculating the defendant's criminal history score, the PSR included the following prior convictions: (1) a 1992 Rhode Island conviction for forgery and counterfeiting ("first Rhode Island conviction"); (2) 1992 Rhode Island convictions for forgery, counterfeiting, and obtaining property by false pretenses ("second Rhode Island conviction"); (3) 1992 Rhode Island controlled substance convictions ("third Rhode Island conviction"); and (4) a 1995 Massachusetts conviction for possession with intent to distribute marijuana ("1995 Massachusetts conviction"). These prior convictions, each worth one point, yielded a total of four criminal history points. The PSR then added two additional criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because the defendant had committed the instant federal offenses while he was still serving sentences for the second Rhode Island conviction and the 1995 Massachusetts conviction. Thus, totaling the criminal history points for a score of six, the PSR placed the defendant in Criminal History Category III. Combining this with a total offense level of 30, the applicable sentencing guideline range was 121 to 151 months' imprisonment.

The district court, accepting the PSR without objection from either party, sentenced the defendant to concurrent sentences of 121 months on Counts I, III, IV, and VI, and 60 months on the money laundering charge. The defendant filed a timely appeal, arguing that the district court erred in calculating his criminal

history score and that his counsel was ineffective at the sentencing hearing.

## II.

We review alleged sentencing errors to which a party did not contemporaneously object for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Torres-Rosa, 209 F.3d 4, 8 (1st Cir. 2000). To establish plain error, a defendant must demonstrate that a clear or obvious error both affected his substantial rights and adversely impacted the fairness, integrity, or public reputation of judicial proceedings. See Olano, 507 U.S. at 732-36.

## III.

The defendant asserts that the district court erred in calculating his criminal history score in two ways: (1) the court failed to exclude the defendant's 1995 Massachusetts conviction pursuant to U.S.S.G. § 4A1.2(a)(1); and (2) the court, contrary to U.S.S.G. § 4A1.2(a)(2), treated the first and second Rhode Island convictions as two separate offenses, rather than as one.

The Sentencing Guidelines dictate that criminal history points be ascribed to a defendant for "each prior sentence" he has received. U.S.S.G. § 4A1.1. A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." Id. § 4A1.2(a)(1). The district court, based on the PSR, attributed one point to Albanese for each of the following "prior sentences": (1) the first Rhode Island conviction; (2) the second Rhode Island conviction; (3) the

-4-

third Rhode Island conviction; and (4) the 1995 Massachusetts conviction.

Albanese contends that it was error to include the 1995 Massachusetts conviction as a "prior sentence" because such conviction was based on conduct that is part of the instant offense. Assuming, arguendo, that the 1995 Massachusetts conviction should not have been counted as a "prior sentence," the defendant would have received three, instead of four, points based on his past sentences.

Albanese further argues that the court erred by treating the first and second Rhode Island convictions as separate "prior sentences" since these convictions were "related cases." The Sentencing Guidelines stipulate: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." Id. § 4A1.2(a)(2). Again, assuming, but not deciding, that the defendant states a valid claim of error, the district court should have assigned one criminal point, instead of two, for these two Rhode Island convictions.

The district court, pursuant to the PSR, assigned to the defendant, in addition to the points for "prior sentences," two points for "committ[ing] the instant offense while under any criminal justice sentence." Id. § 4A1.1(d). The court determined that Albanese was still serving his sentences for both the second Rhode Island conviction and the 1995 Massachusetts conviction at

-5-

the time he committed the instant federal offense. The defendant does not contest these two criminal history points.

We need not address the merits of the alleged errors, because even if we assume, arguendo, that the district court did err by assigning the defendant one point for the 1995 Massachusetts conviction and two points, instead of one, for the first and second Rhode Island convictions, Albanese still has not demonstrated plain error. One of the requirements of plain error is that a defendant establish that the alleged error affected his substantial rights. See Olano, 507 U.S. at 734; United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). This entails a showing that the error was prejudicial because it affected the outcome of the case. See Olano, 507 U.S. at 734; United States v. Hernández-Vega, 235 F.3d 705, 712 (1st Cir. 2000). Albanese fails to demonstrate any prejudice.

If we were to credit Albanese's allegations of error, his criminal history score would not be six points, as calculated in the PSR, but four points. However, this point reduction would not change Albanese's Criminal History Category, since Category III covers criminal history scores ranging from four to six points. As a result, since no other errors were alleged, the applicable guideline range of 121 to 151 months' imprisonment would remain unchanged. Thus, even assuming error occurred, it was not prejudicial because it did not affect the defendant's sentence.[1]

_____

[1] Albanese further suggests that the alleged errors were prejudicial because, if the district court had properly calculated the criminal score to be four points, it could have found that

-6-

Albanese also raises an ineffective assistance of counsel claim based on his attorney's failure to object to the criminal history calculations at the sentencing hearing. We have steadfastly held that we will not hear these claims for the first time on direct appeal. See United States v. Ortiz, 23 F.3d 21, 26 (1st Cir. 1994); United States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989) (noting that "[t]he reason for the rule is that a trial judge is in the best position to evaluate the quality of legal representation in the first instance"). This case presents no reason to depart from this standard.

**IV.**

Accordingly, we **affirm** the defendant's sentence.

---

Criminal History Category III over-represented the seriousness of the defendant's criminal history and chosen, sua sponte, to depart from the applicable guideline range. See U.S.S.G. § 4A1.3(e), p.s. A remote possibility that the outcome could have been affected is not sufficient to fulfill the defendant's burden of proving prejudice. See United States v. Sposito, 106 F.3d 1042, 1049-50 (1st Cir. 1997) (finding that "it is not enough, under the plain error standard, that the error could have changed the outcome," rather "the error must have done so"); United States v. Procopio, 88 F.3d 21, 31 (1st Cir. 1996) (stating that "mere possibilities are not enough" to show prejudice).

-7-