# United States Court of Appeals
## For the First Circuit

No. 01-2113

UNITED STATES,

Appellee,

v.

WILLIAM CORTES-CLAUDIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lipez, Circuit Judge,

Campbell and Bownes, Senior Circuit Judges.

Rafael F. Castro-Lang for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, with whom
Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco,
Assistant United States Attorney, Chief, Criminal Division, were on
brief for the United States.

December 2, 2002

**CAMPBELL**, <u>**Senior Circuit Judge**</u>.  This appeal raises, <u>inter alia</u>, the question of which statutory provision governs the district court's imposition of a term of supervised release upon a drug offender.  A statute pertaining to federal crimes in general provides that for Class A and Class B felonies, the <u>maximum</u> supervised release term is five years.  18 U.S.C. § 3583(b)(2000).  Another statute, however, making criminal the drug offenses under which this defendant was sentenced, provides for somewhat different terms of supervised release and, in the defendant's circumstances, mandates a supervised release term of "at least five years."  21 U.S.C. § 841(b)(1)(A) (1999).  Most of the courts of appeal considering the issue have held that the latter statute, 21 U.S.C. § 841, rather than 18 U.S.C. § 3583(b), determines the limits of the supervised release terms a district court may impose upon drug offenders sentenced thereunder.  These same courts have interpreted the "at least" terminology as implying that, in such cases, a term of supervised release <u>longer</u> than five years is statutorily authorized.

Having pled guilty in the district court to a drug conspiracy charge involving, as the conspiracy's object, substantive offenses under 21 U.S.C. § 841(a), William Cortes-Claudio ("Cortes-Claudio") was sentenced to imprisonment and a ten-year term of supervised release.  He appeals from the latter, arguing on the basis of 18 U.S.C. § 3583(b) that the maximum

supervisory release term is five years. He also argues that the district court committed plain error by neglecting to give him advance notice that it was considering an upward departure (to ten years) from the five year supervised release term provided in the United States Sentencing Guidelines. See U.S.S.G. § 5D1.2(a)(1) (2001).

We conclude that 21 U.S.C. § 841(b) controls, and that it confers statutory authority upon the district court to impose the ten-year term of supervised release that it chose. The district court erred, however, in overlooking the Sentencing Guidelines provision for a supervised release term of five years. The ten-year term was thus an upward departure requiring the court to give prior notice, see United States v. Burns, 501 U.S. 129, 135 (1990), and to state on the record the aggravating circumstances that warranted such a departure. Since the district court observed neither requirement, we vacate and remand for re-sentencing of Cortes-Claudio's supervised release term.

## I.    Background

Cortes-Claudio, pursuant to a plea agreement, pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, one or more kilograms of heroin, and multi-kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (1999). The plea agreement set forth the statutory penalties for Cortes-Claudio's offense including "a term of imprisonment which

may not be less than ten years or more than life" and a "term of supervised release of at least 5 years." § 841(b)(1)(A). While Cortes-Claudio and the government agreed to a term of imprisonment of 151 months, the parties did not stipulate to a specific supervised release term. As to the supervised release term, the plea agreement parroted the language of § 841(b) stating that "the defendant understands that he can be sentenced to . . . a term of supervised release of at least five (5) years."

Neither the pre-sentence report, nor the district court's colloquy at the change of plea hearing, stated a specific supervised release term. The pre-sentence report indicated that the court "must impose a term of supervised release of at least five (5) years" and that the term of supervised release "shall in no event be less than any statutorily required term." The pre-sentence report also stated that there was no basis for a departure from the Guidelines. At the change of plea hearing, the judge informed Cortes-Claudio of the sentence he could receive upon pleading guilty, including "a supervised release term of not less than five years."

Later, at the sentencing hearing, following a discussion concerning an error in the pre-sentence report regarding a prior conviction, the district court sentenced Cortes-Claudio to 151 months imprisonment and ten years of supervised release. Cortes-Claudio did not object.

Following sentencing, however, Cortes-Claudio filed a motion to correct his sentence. Believing the district court had relied upon a prior conviction to increase his term of supervised release from five years to ten years, Cortes-Claudio stated in his motion that the district court had inadvertently imposed the ten-year supervised release term required by § 841(b) for a defendant with a prior conviction. He argued that because the government had failed to file an information pursuant to 21 U.S.C. § 851, indicating its intent to seek a higher sentence based on a prior conviction, the maximum allowable supervised release term was five years. 18 U.S.C. § 3583(b)(1).

The district court denied Cortes-Claudio's motion to correct his sentence. United States v. Cortes-Claudio, 152 F. Supp.2d 177, 178 (D.P.R. 2001). The court stated that it had not relied upon a prior conviction in setting Cortes-Claudio's term of supervised release. While the court recognized that 18 U.S.C. § 3583(b) provided for a maximum term of supervised release of five years for a Class A felony,[1] it concluded that the supervised release provisions in § 841(b) trumped the maximums provided in § 3583(b). According to the court, the requirement in § 841(b) of a minimum supervised release term of "at least 5 years" permitted the court, in its discretion, to impose a supervised release term

---

[1]Because the maximum term of incarceration authorized by law is life imprisonment, see § 841(b), Cortes-Claudio's offense is categorized as a Class A felony. 18 U.S.C. § 3559(a)(1).

of up to life.  Id. at 180.  The court stated that ten years was appropriate given the nature of Cortes-Claudio's offense.

According to the district court, in arriving at the ten-year supervised release term, it considered all the relevant evidence and circumstances "as well as the factors set forth in 18 U.S.C. § 3553(a)(2)."  Id. at 180-81.  The district court stated that both the terms of imprisonment and the supervised release term were "within the sentencing guidelines and appropriate considering the nature of the offense." Id. at 181.

## II.        Discussion

## A.         Statutory Length of Supervised Release Terms

The first issue is whether the five-year maximum provided in 18 U.S.C. § 3583 is applicable as a limitation upon the supervised release term of Cortes-Claudio who was sentenced for drug offenses pursuant to 21 U.S.C. § 841(b).

We begin with a close look at the language of the two statutes.  See Brady v. Credit Recovery Inc., 160 F.3d 64, 66 (1st Cir. 1998).  Defendants convicted of conspiracy to commit drug offenses pursuant to 21 U.S.C. §§ 841(a) and 846, are subject to the penalties described in § 841(b).[2]  Pursuant to § 841(b)(1)(A),

---

[2]Section 841(b)(1)(A) describes penalties for defendants, like Cortes-Claudio, convicted of drug offenses, including conspiracy, see § 846, involving a particular quantity of drugs.  The statute requires, in pertinent part, "such person to be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than

the district court was required to sentence Cortes-Claudio to a term of imprisonment which could not be less than "10 years or more than life" and a term of supervised release of "at least 5 years." We have recently held that this language in § 841(b) establishes a mandatory <u>minimum</u> term of supervised release, not a maximum. <u>United States</u> v. <u>Lopez</u>, 299 F.3d 84, 90 (1st Cir. 2002). Our holding in <u>Lopez</u> made clear that any apparent language to the contrary in previous cases is limited to the specific facts of those cases, and does not constitute precedent for the proposition that language in drug statutes, such as 21 U.S.C. § 841, referring to "at least 5 years" (or some other term) sets out the maximum rather than a minimum only. <u>United States</u> v. <u>Barnes</u>, 251 F.3d 251, 261 (1st Cir. 2001); <u>United States</u> v. <u>Barnes</u>, 244 F.3d 172, 178 (1st Cir. 2001); <u>Suveges</u> v. <u>United States</u>, 7 F.3d 6, 8 (1st Cir. 1993). Given the plain meaning of "at least" and our <u>Lopez</u> holding, we do not regard <u>Barnes</u> and its companion cases as <u>stare decisis</u> in regard to the present issue concerning the upper limit of a term of supervised release in a drug case.

We start, therefore, with the premise that the district court was plainly required by § 841(b) to sentence Cortes-Claudio to a minimum supervised release term of <u>at</u> <u>least</u> five years. In

life . . . . Any sentence under this subparagraph shall, in the absence of such prior conviction, impose a term of supervised release of at least five years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years . . . ."

-7-

arguing that five years is also a maximum in respect to the permissible term of supervised relief, Cortes-Claudio would have us borrow from a different statute, § 3583(b), applying to federal crimes generally.  Section 3583(b) specifies,

> Except as otherwise provided, the authorized terms of supervised release are --
> (1) for a Class A or Class B felony, not more than five years;
> (2) for a Class C or Class D felony, not more than three years; and
> (3) for a Class E felony, or for misdemeanor (other than a petty offense) not more than one year.

18 U.S.C. § 3583(b)(emphasis supplied).  Because Cortes-Claudio was convicted of a Class A felony, he argues that he is subject to a term of supervised release of "not more than five years."

The issue presented is whether § 841(b), which contains sentences applicable to specific drug offenses and conspiracy to commit such offenses, under which Cortes-Claudio was sentenced, takes precedence over the more general § 3583(b) in regard not only to the minimum five-year term expressly set forth in § 841(b) but also to the unspecified lengthier terms implied if not specifically set forth in the "at least" phraseology. We think it does.  In so holding, we join the majority of circuits that have considered this issue and that have held that § 3583(b) does not limit the length of supervised release terms in cases under § 841.  E.g., United States v. Sanchez-Gonzalez, 294 F.3d 563, 565 (3d Cir. 2002); United States v. Kurkowski, 281 F.3d 699, 703 (8th Cir.), cert.

-8-

denied, 123 S. Ct. 210 (2002); United States v. Sanchez, 269 F.3d 1250, 1286-88 (11th Cir. 2001) (en banc), cert. denied, 122 S. Ct. 1327 (2002); United States v. Page, 131 F.3d 1173, 1178 (6th Cir.), cert. denied, 525 U.S. 828 (1998); United States v. Eng, 14 F.3d 165, 172 (2d Cir. 1994).[3]

The language of § 3583(b), as well as of § 841, supports the conclusion that penalties for drug offenses within the latter should be imposed with direct reference to § 841(b), not § 3583(b). Section 3583(b) itself begins with the phrase "[e]xcept as otherwise provided." This proviso indicates that § 3583(b) yields to other more specific statutes, such as § 841, that make different provisions for terms of supervised release for particular offenses. See, e.g., Sanchez-Gonzalez, 294 F.3d at 566; Eng, 14 F.3d at 172. Because § 841 does "otherwise provide" supervised release terms, its provisions rather than those of § 3583(b) apply to drug offenders like Cortes-Claudio.

It is true that § 841(b) does not set out a specific maximum term of supervised release. It does, however, require a

---

[3] Only the Fourth and Fifth Circuits have determined that § 3583(b) limits the length of a supervised release term imposed pursuant to § 841. E.g., United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994); United States v. Kelly, 974 F.2d 22, 25 (5th Cir. 1992). As the Fourth Circuit recently recognized, the reasoning adopted by these circuits can lead, in some instances, to clearly inappropriate results. United States v. Pratt, 239 F.3d 640, 647 n.4 (4th Cir. 2001) (recognizing that this rule "creates a somewhat anomalous result" and opining that perhaps its decision in Good should be overruled).

minimum term of supervised release of "at least five years," and this phraseology plainly implies the option of a term longer than five years. To allow § 3583(b) to limit to five years the supervised release term set forth in § 841(b) would, in Cortes-Claudio's case, rob the phrase "at least" contained in the latter statute of any meaning whatever. See, e.g., United States v. Williams, 65 F.3d 301, 309 (2d Cir. 1995). It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." Duncan v. Walker, 533 U.S. 167, 174 (2001) (internal quotation marks omitted); Herman v. Hector I. Nieves Transp., Inc., 244 F.3d 32, 36 (1st Cir. 2001) ("A primary canon of statutory construction is that a statute should be construed so as not to render any of its phrases superfluous."). A further reason for not imputing § 3583(b)'s five-year maximum term to § 841 offenders is that, in some other instances, this would actually make it impossible to carry out the specific mandates set forth in § 841. See Eng, 14 F.3d at 172 (dividing cases under § 841 into different categories, including those like the present where § 841(b)'s mandatory minimums would be § 3583(b)'s maximum, and others where an actual conflict would exist between the minimum period of supervised release mandated under § 841 and the maximum permitted by § 3583).

Our interpretation of the two statutes is consistent with the legislative history.  See Page, 131 F.3d at 1179.  When Congress enacted the Anti-Drug Abuse Act of 1986, it amended § 3583(b) to add the phrase "[e]xcept as otherwise provided" at the same time it included the supervised release terms set forth in § 841(b) and maintained the words "at least" before the specified minimum term.  Act of Oct. 27, 1986, Pub. L. No. 99-570, 1986 U.S.C.C.A.N. (100 Stat.) 3207-6.[4]

Defendants convicted of drug offenses have traditionally been subject to sentences different from those imposed upon defendants convicted under other federal laws.  See Bifulco v. United States, 447 U.S. 381, 392 (1980).  Prior to the creation of the "supervised release term" to which defendants now must be sentenced, defendants generally were subject to a period of "parole."  As defendants were often released prior to serving their entire sentence, the length of a non-drug offender's parole was normally dictated by how much time remained on his or her original

---

[4]Our interpretation is also consistent with how courts interpreted the statute prior to the adoption of the sentencing guidelines.  Specifically, Congress provided that a defendant sentenced under the prior version of § 841 be subject to "at least five years of special parole."  Courts interpreting this phraseology assumed that Congress provided a mandatory minimum term of special parole with a possible special parole term of life.  See, e.g., Fowler v. United States Parole Comm'n, 94 F.3d 835, 840 (3rd Cir. 1996); People v. Materne, 72 F.3d 103, 106 (9th Cir. 1995); United States v. Osment, 13 F.3d 1240, 1242 (8th Cir. 1994).  Except for the substitution of "supervised release term" for "term of special parole" the language of § 841 remained largely intact after Congress instituted the sentencing guidelines.

sentence. Defendants convicted of drug offenses, however, were required to be sentenced by statute to a "special parole term" that was distinct from their original sentence. See id. (noting the intent of the special parole term was "to give the judges another tool for sentencing and another means of protecting society when dealing with the drug violator."). When Congress eliminated parole and instituted in its stead supervised release terms, it continued to treat drug offenders separately from other criminals in respect to supervised release, substituting "supervised release term" for "special parole term" in § 841(b) and providing specific directions relative to those sentenced under that statute. See Gozlon-Peretz v. United States, 498 U.S. 395, 402 (1991).

We, therefore, find no error in the district court's conclusion that the statutory supervised release terms for defendants convicted of drug offenses under § 841(a) are as described in § 841(b), and that those run from the mandatory minimum up to the life of the defendant. Section 841(b)(1)(A), the provision under which Cortes-Claudio was sentenced, provides for a mandatory minimum term of at least five years of supervised release up to a maximum supervised release term of life.

**B.        Sentencing Guidelines and Supervised Release Terms**

Even assuming that the court had statutory authority to impose a ten-year term of supervised release, Cortes-Claudio argues that the district court committed error when it sua sponte departed

upward from the supervised release term set forth in the Sentencing Guidelines. See 18 U.S.C. §§ 3553(a) and 3553(b) (2000); U.S.S.G. § 5K2 (2001). According to Cortes-Claudio, the Guidelines, if not the statute under which he was sentenced, mandates that the district court impose a term of five years supervised release. See § 5D1.2. Relying on § 5D1.2 of the Guidelines, Cortes-Claudio contends that his ten-year supervised release term was an upward departure from the guideline range. If the court intended to depart from the guideline sentence, Cortes-Claudio contends that it was required to provide advance notice to the parties. See United States v. Burns, 501 U.S. 129, 135 (1990) (holding that a district court may not sua sponte upwardly depart from the guideline sentencing range without first notifying the defendant of its intention to do so and specifically identifying the ground on which it contemplates departing upward).

A district court is required by statute to sentence within the guideline range absent aggravating or mitigating circumstances. 18 U.S.C. § 3553(b). Under the Guidelines, Cortes-Claudio was subject to a five-year supervised release term. § 5D1.2(a)(1); see also United States v. Sasson, 62 F.3d 874, 891 (7th Cir. 1995). Section 5D1.2(a)(1) provides that if a term of supervised release is ordered the length of the term for a Class A or B felony "shall be at least three years but not more than five years." The term of supervised release imposed, however, cannot

drop below the statutory minimum. 5D1.2(b). Here, the guideline range for supervised release was three to five years and the statutorily required minimum sentence was five years. Thus, the guideline sentence was five years, with no special exception for drug offenses. See United States v. Mora, 22 F.3d 409, 413 (2d Cir. 1994). A sentence that exceeds the guideline range is considered an "upward departure." See United States v. Harotunian, 920 F.2d 1040, 1042-43 (1st Cir.1990) (defining a departure as a sentence outside the guideline sentencing range). Thus, when the district court imposed a ten-year supervised release term, it departed upward from the Guideline sentence, requiring advance notice to the parties, Burns, 501 U.S. at 138-39, and also an explanation for the departure. 18 U.S.C. § 3553(b); § 5K2 U.S.S.G.

Here the court apparently overlooked the fact that it was departing from the guideline range when it imposed a ten-year term of supervised release. It stated that both the term of imprisonment and the ten years of supervised release were "within the sentencing guidelines." Cortes-Claudio, 152 F. Supp.2d at 181. This faulty assumption led to the two additional errors already suggested. The court did not provide the parties notice of a potential upward departure, see Burns, 501 U.S. at 135, and the court did not make the required findings of an aggravating or mitigating circumstance to support the departure, see Sasson, 62 F.3d at 891 (requiring advance notice and an explanation for an

-14-

upward departure from five years supervised release to ten years supervised release); Eng, 14 F.3d at 171 (concluding that judge had to find "aggravating circumstance" before departing upward to a life time supervised release term); United States v. Stevens, 985 F.2d 1175, 1188 (2d Cir. 1993) (requiring advance notice and a statement of reasons for departure for a life supervised release term).

Cortes-Claudio did not, it is true, object at the time of sentencing to the supervised release term. Generally, when a party fails to contemporaneously object to an error in sentencing we review only for plain error. United States v. Albanese, 287 F.3d 226, 227 (1st Cir. 2002). We have recognized, however, in the context of sentencing, that a post-sentence objection is not necessarily required to preserve the issue for appeal if the defendant could not reasonably have anticipated the issue would arise until after the court ruled. United States v. Gallant, 306 F.3d 1181, 1188-89 (1st Cir. 2002); see also United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002) (concluding that in the sentencing context there are circumstances that permit a court to relax the otherwise rigorous standards of plain error review to correct sentencing errors). The defendant could not have anticipated the district court's decision to impose a ten-year supervised release term. Neither the pre-sentence report nor the Assistant United States Attorney advocated a sentence that exceeded

the guidelines range. Nor did the court provide notice to the parties that it intended to depart from the guideline sentence. And it did not invite argument on the length of the supervised release term. Until the court announced the sentence, the defendant was without actual or constructive notice of the likelihood of a term of supervised release that exceeded the guideline range. As in Gallant, "given the facts here, we think it simply would be unfair and unwise as a matter of policy" to hold that Cortes-Claudio waived this argument. 306 F.3d at 1189. We thus need not reach the question whether the upward departure amounted to plain error. But see United States v. Mangone, 105 F.3d 29, 35 (1st Cir. 1997) (lack of Burns notice constituted plain error); United States v. Carmichael, 216 F.3d 224, 227 (2d Cir. 2000) (finding plain error when supervised release term exceeded term allowed by guidelines); United States v. Valentine, 21 F.3d 395, 398 (11th Cir. 1994) (lack of Burns notice was plain error).

We accordingly **vacate** the ten-year supervised release term and **remand** to the district court for re-sentencing as to the length of the term of supervised release. Should the district court believe that aggravating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission" appear to justify an upward departure, it must give advance notice to the defendant and the government and the grounds of its likely intent to depart upward. See Burns, 501 U.S. at 135.

-16-

If the court thereafter finds that aggravating circumstances not considered by the Sentencing Commission are such as to warrant a sentence different from that proscribed in the Guidelines, it must set forth those reasons on the record.  18 U.S.C. § 3553.

**So ordered**.