**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 07-1570

UNITED STATES OF AMERICA,

Appellee,

v.

BORIS AYALA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

---

B. Alan Seidler on brief for appellant and Boris Ayala on brief pro se.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on brief for appellee.

---

August 28, 2008

---

**Per Curiam**.  This is defendant Boris Ayala's direct appeal from his sentence for conspiring to distribute and possess with intent to distribute cocaine and cocaine base ("crack") and for possessing cocaine with intent to distribute.  After carefully considering defendant's counseled and pro se briefs and the underlying district court record, we affirm the sentence for the reasons discussed below.

A.  Issues Related to Crack/Powder Cocaine Disparity

In his counseled brief, defendant argues that the guidelines' 100-to-1 crack/powder ratio[1] violates equal protection and due process because the recommended punishment for crack offenses is "unconstitutionally harsh."  Because this argument is undeveloped and unsupported by any authority, we  need not address it at all.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  If we nevertheless did so, our review would be only for plain error because, as defendant concedes, this issue was not raised in the district court.  Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).  And, because this court has previously upheld the constitutionality of the 100-to-1 crack/powder ratio against equal protection and Eighth Amendment proportionality challenges, United States v. Singleterry, 29 F.3d

---

[1]Under the guidelines in effect at the time of defendant's sentencing, the marijuana equivalent for one gram of cocaine base ("crack") was 100 times greater than for one gram of powder cocaine.  U.S.S.G. § 2D1.1, comment. (n.10, Drug Equivalency Tables) (Nov. 1, 2006 ed.).

733, 741 (1st Cir. 1994) (equal protection); United States v. Graciani, 61 F.3d 70, 76-77 (1st Cir. 1995) (Eighth Amendment), this claim would not constitute error, plain or otherwise. For the same reason, trial counsel was not constitutionally deficient in failing to raise this argument at sentencing, United States v. Hart, 933 F.2d 80, 83 (1st Cir. 1991), as defendant further argues.

In his pro se brief, defendant further argues that because the guidelines have recently been amended to reduce, retroactively, the suggested penalties for crack offenses, his sentence should be vacated and the case remanded to the district court to consider whether to reduce his sentence under the amended guidelines. That argument is misdirected. The remedy for defendants who believe that they are entitled to a reduction of their sentences under the amended crack guidelines is to file a motion with the district court seeking relief under 18 U.S.C. § 3582(c)(2). United States v. Chandler, 2008 WL 2780632, at * 6 (1st Cir. July 18, 2008).

Defendant's final claim concerning crack/powder disparity is that he is entitled to a remand for resentencing in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). Because his Kimbrough claim was preserved below, a remand on this basis is warranted unless there was no Kimbrough error, or the error was harmless. United States v. Tabor, 531 F.3d 688, 692 (8th Cir. July 10, 2008).

There was a Kimbrough error. When defendant argued for a more lenient sentence based on crack/powder disparity, the district court stated, "[T]hat issue has been decided numerous times; even within the context of this specific case that ratio is appropriate," presumably referring to United States v. Pho, 433 F.3d 53 (1st Cir. 2006), and to subsequent decisions reaffirming Pho's holding that a categorical rejection of the ratio is impermissible but that the ratio could be considered unfair in particular case-specific circumstances. Id. at 64-65; see also, e.g., United States v. Fanfan, 468 F.3d 7, 15 (1st Cir. 2006). Those comments indicate that the court believed that it was not free to disregard the crack guideline in a "mine run" case. Kimbrough rendered that belief erroneous. Kimbrough, 128 S. Ct. at 575.

However, the Kimbrough error was harmless because even if the court had ignored the crack guidelines entirely and sentenced defendant only for the amount of powder cocaine attributable to him, his base offense level would still have been the same.[2] In other words, because "the crack/powder dichotomy is irrelevant to the . . . sentence actually imposed in this case[,] . . . the decision in Kimbrough is of only academic interest here."

---

[2]The same base offense level would have applied if there were no crack involved at all, and the only drug involved was 26.05 kilograms of cocaine. See U.S.S.G. § 2D1.1(c)(3) (providing that Level 34 applies to "[a]t least 15 KG but less than 50 KG of Cocaine").

United States v. Jimenez, 512 F.3d 1, 9 (1st Cir. 2007), cert. denied, 128 S. Ct. 2920 (2008).

B. Issues Related to Judicial Fact-Finding

In his counseled brief, defendant argues, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), that the district court unconstitutionally enhanced his sentence based on facts found by a judge by a preponderance of the evidence rather than by a jury beyond a reasonable doubt.  As this court explained shortly following United States v. Booker, 543 U.S. 220 (2005), "Booker reaffirmed the principle of Apprendi . . ., that '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt,' but did so only insofar as the sentence resulted from a mandatory system imposing binding requirements on sentencing judges."  United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005) (quoting Booker, 543 U.S. at 244).  As long as the guidelines are applied in an advisory manner, as they were here, they "'fall[] outside the scope of Apprendi's requirement.'"  Id. at 76 (quoting Booker at 543 U.S. at 259).  In other words, "Booker both created and cured the constitutional error at the same time."  United States v. Pérez-

Ruiz, 421 F.3d 11, 15 (1st Cir. 2005). Therefore, defendant's Apprendi-based argument fails.

To the extent that defendant separately challenges the court's findings on procedural due process grounds, that argument is insufficiently developed to warrant appellate consideration. Zannino, 895 F.2d at 17. Moreover, it is belied by the record, which demonstrates that defendant was given ample opportunity to contest the findings made in the Presentence Report ("PSR"), which he did in only a conclusory manner. In those circumstances, the court was entitled to rely on the PSR. United States v. Prochner, 417 F.3d 54, 66 (1st Cir. 2005).

To the extent that defendant challenges the accuracy of the factual findings, our review is only for clear error. United States v. Robinson, 433 F.3d 31, 38 (1st Cir. 2005). As defendant conceded below, a sentencing court's determination of drug quantity "is not required to be an exact determination but rather only a reasoned estimate." United States v. Rodriguez, 525 F.3d 85, 107 (1st Cir. 2008). And, in making such determinations, the court was entitled to rely, in part, on hearsay evidence, including grand jury testimony and information provided by cooperating witnesses. United States v. Riccio, 529 F.3d 40, 47 (1st Cir. 2008) (hearsay in general); United States v. Williams, 10 F.3d 910, 914-15 (1st Cir. 1993) (grand-jury testimony); United States v. Jimenez

Martinez, 83 F.3d 488, 493-94 (1st Cir. 1996) (statements of cooperating witnesses).

Here, the district court's findings as to drug amounts were amply supported by the evidence detailed in the PSR. Rather than exaggerate the amounts, the PSR's estimates were expressly "conservative" in several respects. Moreover, any minor error in computing the drug amounts was harmless, since the same base offense level would have applied even if the total amount was much less than the 8,810 kilograms estimated by the PSR. See U.S.S.G. § 2D1.1(c)(3) (providing that level 34 applies to the equivalent of any amount between 3,000 and 10,000 kilograms of marijuana).

To the extent that defendant challenges the court's application of a role enhancement, any such challenge was waived by defendant's abandonment of his prior objection to the role enhancement once the probation officer agreed to a three-level, rather than a four-level, enhancement. United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002). Moreover, a three-level enhancement based on a defendant's role as a "manager or supervisor" is appropriate where, as here, "'there is evidence that a defendant, in committing the crime, exercised control over, or was otherwise responsible for overseeing the activities of, at least one other person.'" United States v. Hilario-Hilario, 529 F.3d 65, 77 (1st Cir. 2008) (quoting United States v. Voccola, 99 F.3d 37, 44 (1st Cir. 1996)).

C.  Issues Related to Criminal History

Defendant argues that the district court abused its discretion in failing to grant a downward departure under U.S.S.G. § 4A1.3(b)(1) or to vary below the guidelines range under 18 U.S.C. § 3553(a) on the ground that his criminal history category substantially over-represents the seriousness of his criminal history.  To the extent that defendant seeks appellate review of the district court's denial of a downward departure, such review of that discretionary decision is unavailable.  United States v. Meléndez-Torres, 420 F.3d 45, 50 (1st Cir. 2005).

Although the district court's refusal to grant a downward variance on that ground is reviewable for "reasonableness," such review is limited to the "deferential abuse-of-discretion standard."  Gall v. United States, 128 S. Ct. 586, 598 (2007). Here, the district court carefully considered this ground for variance and plausibly explained its conclusion that defendant's criminal history score did not over-represent his actual criminal history.  In particular, the court noted that, although five of the prior convictions were obtained on the same day, they were the result of five separate offenses and that, each time, despite having been arrested and released for the previous offense, defendant continued to commit the same type of offense again and again.  The court also noted that defendant had reentered the country illegally after being deported and that, even after being

arrested for the instant offenses, he was arrested in Texas with large sums of money, indicating that he continued to engage in drug dealing there. That explanation was procedurally and substantively sufficient, particularly given the fact that the ultimate sentence was within the guidelines range. Rita v. United States, 127 S. Ct. 2456, 2465, 2468 (2007).

D. Other Issues

In his pro se brief, defendant challenges his lifetime term of supervised release on the ground that it exceeds the statutory maximum. In making that argument, defendant relies on 18 U.S.C. § 3583(b), the general statute concerning terms of supervised release. That reliance is misplaced. As we have previously held, penalties for drug offenses are governed by 21 U.S.C. § 841(b), not by 18 U.S.C. § 3583(b). United States v. Cortes-Claudio, 312 F.3d 17, 21 (1st Cir. 2002). And, under 21 U.S.C. § 841(b)(1)(A), the maximum supervised release term is life. Id. at 22-23. Therefore, the district court did not err, plainly or otherwise, in this regard.

The two additional arguments that defendant raised in his pro se post-briefing letter under Rule 28(j) of the Federal Rules of Appellate Procedure[3] are deemed waived for failure to raise them

---

[3]Those arguments are that five of defendant's prior convictions should be counted as one offense under U.S.S.G. § 4A1.2(a)(2), as construed in light of amendment 709 (effective Nov. 1, 2007), and that the case should be remanded for resentencing on the basis of "fast-track" disparity.

in defendant's counseled or pro se brief.  <u>United States</u> v. <u>Coplin</u>, 463 F.3d 96, 102 n.6 (1st Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1320 (2007).  In any event, those arguments, which were not raised below, were at least forfeited and fail to establish error, plain or otherwise.

Accordingly, the district court's judgment is summarily AFFIRMED.  <u>See</u> 1st Cir. R. 27.0(c).