**UNITED STATES of America,**
**Appellee,**

v.

**Illaya STEPHENS, Defendant–**
**Appellant.**

**Docket No. 03–1006.**

United States Court of Appeals,
Second Circuit.

Argued May 5, 2003.

Decided: Oct. 22, 2003.

Steven M. Statsinger, Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for Appellant.

Peter Katz, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Barbara D. Underwood, Chief Assistant United States Attorney, Susan Corkery, Assistant United States Attorney, on the brief), Central Islip, NY, for Appellee.

Before: WALKER, Chief Judge, CARDAMONE and SOTOMAYOR, Circuit Judges.

JOHN M. WALKER, Jr., Chief Judge.

This appeal presents an issue of first impression in the Second Circuit: whether § 5F1.1, Application Note 2 of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") prohibits a sentence of community confinement longer than six months when the confinement is unrelated to a specific rehabilitative program, such as drug rehabilitation. We hold that, although generally application notes are binding, by its language the commentary to § 5F1.1 is not mandatory. Because, in this case, the sentence of one year of community confinement was "reasonably related" to the "nature and circumstances of the offense and the history and characteristics of the defendant," see, 18 U.S.C. §§ 3553(a)(1), 3563(b), we affirm the sentence imposed by the district court.

## BACKGROUND

On March 5, 2002, armed robbers stole $1,389, a money order imprinter, and 76 blank money orders, as well as other items from a Virginia post office. Between March 8, 2002, and March 15, 2002, Illaya Stephens used fifteen of those stolen money orders to purchase approximately $6,000 worth of electronic equipment and obtain $1,440 in cash. He was arrested on May 17, 2002, and released subject to standard conditions and further conditions that he participate in the Pretrial Special Options Services ("SOS") Program, submit to random drug testing, obtain mental health treatment, and obey a 9:00 p.m. curfew at his mother's house. On September 19, 2002, pursuant to a plea agreement, Stephens pled guilty to possession of stolen United States Postal Service money orders with intent to convert them to his own use in violation of 18 U.S.C. § 500.

On October 21, 2002, the Pretrial Services Agency notified the district court that Stephens had violated his bail conditions by failing to report on seven occasions and by testing positive for marijuana three times. Although required to report once a week in person to his pretrial services officer, Stephens had not reported in almost two months. The agency reported that "[s]upervision of this defendant has, since his release, been very problematic[,] and despite considerable effort to stabilize the case, he remains unmanageable." The agency attributed these problems to "his mother's lack of cooperation, her oppositional nature, and the very volatile relationship they share." It also reported that several of his curfew violations occurred because his mother had locked him out of the house.

Stephens's plea agreement had estimated that the guideline range for his sentence would be zero to six months, and his Presentence Report calculated his sentencing range to be zero to six months, based on an offense level of six and a criminal history category of I. On December 19, 2002, the district court sentenced Stephens to five years of probation, on the condition that he serve twelve months of community confinement, and that he participate in a vocational program and obtain employment. The district court declined to sentence him to any time in prison. The district court noted that it considered giving him six months in prison "to give him a taste of what jail is like," but declined to do so because community confinement was a better alternative "which basically gets him out of the house, where he has a difficult relationship with his mother, which puts him in a halfway house ... in which he has the ability to work and ... to obtain employment.... If I didn't sentence him to that, I'd sentence him to six months in jail." After defense counsel questioned the sentence, the court explained that probation alone was insufficient: "[T]he best situation is [not] to walk him out of here. He's young. There's a potential for him to be saved from the kind of life he's heading into.... [Community confinement] will provide a structured setting and ... will get him out of a home situation that is not at all conducive to his continued well-being."

## DISCUSSION

On appeal, Stephens argues that his sentence of twelve months to community confinement was an upward departure from the six months prescribed by U.S.S.G. § 5C1.1, and that it was not reasonably related to the nature of the offense or the characteristics of defendant as required by 18 U.S.C. § 3553(a)(1) and § 3563(b).

■ We review the district court's imposition of probation conditions for abuse of discretion. *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir.2001). However, we have stated that we will "carefully scrutinize unusual and severe conditions," and that "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Doe*, 79 F.3d 1309, 1319–20 (2d Cir.1996)).

■ Stephens first cites the substitute punishments in U.S.S.G. § 5C1.1(e) which permits a court to substitute "one day of community confinement ... for one day of imprisonment." § 5C1.1(e)(2). Stephens argues that this rule restricted the district court to sentencing Stephens to a term of community confinement no longer than six months, the maximum prison sentence under the Guidelines. This argument overlooks that Stephens's twelve months of community confinement was part of his sentence of probation, and not a substitute for all or part of a prison term. Chapter 5, Part C, entitled "Imprisonment," upon which Stephens relies, contains the guidelines for imprisonment, and § 5C1.1 is entitled "Imposition of a Term of Imprisonment." U.S.S.G. § 5C1.1(b) states that "[i]f the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required, unless the applicable guideline in Chapter Two expressly requires such a term." Stephens's guideline range of zero to six months, based on an offense level of six and a criminal history category of I, fell within Zone A. *See* U.S.S.G. Manual ch. 5, pt. A, sentencing table (2001). Consistent with this rule, Stephens was not sentenced to any prison term.

Stephens's community confinement is governed by the rules relating to probation. *See,* U.S.S.G. Manual ch. 5, pt. B,

probation; ch. 5, pt. F, sentencing options (2001). U.S.S.G. § 5B1.1(a)(1) permits a court to impose probation as an alternative to incarceration for those defendants subject to Zone A sentencing ranges. U.S.S.G. § 5B1.2(a)(1) states that when probation is imposed instead of incarceration, the term shall be "at least one year, but not more than five years if the offense level is 6 or greater." Stephens's offense level was six, and thus his sentence of five years' probation instead of incarceration was permissible.

▮ One of the governing provisions relating to sentencing options states that "[c]ommunity confinement may be imposed as a condition of probation or supervised release." § 5F1.1. Its first application note includes residence in a halfway house, with vocational training and work requirements, as a form of community confinement. U.S.S.G. § 5F1.1, app. n.1 (2001). Its second application note explains:

> Community confinement generally should not be imposed for a period in excess of six months. A longer period may be imposed to accomplish the objectives of a specific rehabilitative program, such as drug rehabilitation. The sentencing judge may impose other discretionary conditions of probation or supervised release appropriate to effectuate community confinement.

U.S.S.G. § 5F1.1, app. n.2 (2001). Application Notes are binding, unless they "violate[ ] the Constitution or a federal statute, or [are] inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *see also United States v. Abbey*, 288 F.3d 515, 518 (2d Cir.2002). However, by its use of the term "generally," the application note gives sentencing judges flexibility. *See United States v. Lominac*, Docket No. 94–5238, 1994 U.S.App. LEXIS 25998, at *7 n. 2, 36 F.3d 1095, 1994 WL 510242 (4th Cir., Sept. 20, 1994) (per curiam) ("[B]y its language, the commentary to § 5F1.1 is not mandatory.").

At the same time, the commentary suggests that the length of community confinement is to be guided by principles of rehabilitation.[1] In instructing the sentencing judge to consider "the objectives of a specific rehabilitative program" in imposing a period of confinement longer than six months, it cabins the judge's discretion by providing that the length of confinement should be determined by specific rehabilitative goals. At the same time, the commentary is not so restrictive as to require that a period of confinement may exceed six months only if a particular rehabilitative program that would be helpful to the defendant lasts longer than six months. The specification of "drug rehabilitation" in general, rather than a "specific drug rehabilitation program," exemplifies a permissible consideration that could persuade a judge to impose a longer confinement than six months. Thus, if the sentencing judge has specific rehabilitative goals in mind, and believes that those goals cannot be accomplished within six months, the judge may impose a longer period of community confinement.

Here, the district court plainly had such specific objectives in mind: it believed that the defendant would have the best opportunity for rehabilitation in a "structured setting" that would separate him from his

---

1. Because the day-for-day substitution schedule of § 5C1.1(e) does not apply to Zone A sentences, we recognize the possibility that a defendant subject to a less serious Zone A sentence might be exposed to a greater term of community confinement than a defendant sentenced under Zone B or C. Nevertheless, we are constrained to conclude that this potentiality-however unlikely-results from the plain language of the Guidelines.

mother, who was apparently responsible for many of his difficulties in complying with pretrial supervision, and whom Stephens blamed for his drug use. The court also repeatedly emphasized its view that the defendant needed vocational training so that he could obtain employment, in order to prevent him from resorting to crime in the future. These considerations constitute specific rehabilitative goals which take time to accomplish. They are sufficient to demonstrate that the district court's exercise of discretion was well within the bounds suggested by the commentary to § 5F1.1.

Stephens also argues that the conditions of probation were not "reasonably related" to the "nature and circumstances of the offense and the history and characteristics of the defendant," and were not designed, in light of the crime committed, to promote the probationer's rehabilitation. *See* 18 U.S.C. § 3553(a)(1)-(2); 18 U.S.C. § 3563(b). To the contrary, the district court considered both the offense and the defendant's characteristics as directed by 18 U.S.C. § 3553(a)-(b) and by 18 U.S.C. § 3563(b). In its sentencing determination, the district court discussed the substance of the pretrial services report, which detailed Stephens's particular problems with abusing marijuana and with obeying his release requirements. The court considered community confinement to be a constructive alternative to prison, and concluded that twelve months was necessary under the circumstances to get Stephens out of a troubling home environment "that is not at all conducive to his continued well [-]being," and to get his life back on track in a "structured setting."

Stephens's protestation that his sentence was "draconian" notwithstanding, the district court plainly was guided by principles of rehabilitation and not retribution in ordering probation and community

confinement rather than incarceration. The district court's decision was consistent with Application Note 2 to § 5F1.1, and was tailored to Stephens's particular circumstances and characteristics. *See* 18 U.S.C. §§ 3553(a)(1)-(2), 3563(b). The court's imposition of one year of community confinement was well within its discretion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.