# SUPREME COURT OF THE UNITED STATES

## THILO BROWN *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 17–9276.   Decided October 15, 2018

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, dissenting from denial of certiorari.

Today this Court denies petitioners, and perhaps more than 1,000 like them, a chance to challenge the constitutionality of their sentences.[1]  They were sentenced under a then-mandatory provision of the U. S. Sentencing Guidelines, the exact language of which we have recently identified as unconstitutionally vague in another legally binding provision.  These petitioners argue that their sentences, too, are unconstitutional.  This important question, which has generated divergence among the lower courts, calls out for an answer.  Because this Court's decision to deny certiorari precludes petitioners from obtaining such an answer, I respectfully dissent.

Petitioner Thilo Brown, like others whose petitions the Court denies today, was sentenced as a "career offender" under the U. S. Sentencing Guidelines.  United States Sentencing Commission, Guidelines Manual §4B1.1(a) (Nov. 2004) (USSG).  At the time, those Guidelines were mandatory.  They were "binding on judges" and carried

———————

[1] In addition to Thilo Brown's petition, this Court denies the petitions of Gregory Molette, No. 17–8368; Bobby Jo Gipson and Keith Walker, No. 17–8637; Carlos Wilson, No. 17–8746; Jason Greer, No. 17–8775; Robert Homrich, No. 17–9045; Charles Chubb, No. 17–9379; Terrance Smith, No. 17–9400; John Elwood Buckner, No. 17–9411; and Paul Lewis, No. 17–9490.  For the reasons expressed herein, I respectfully dissent from denial of certiorari in their cases as well.

"the force and effect of laws."[2] *United States* v. *Booker*, 543 U. S. 220, 234 (2005).[3] The Guidelines directed enhanced punishment for "career offender[s]." See USSG §4B1.1(a). Defendants qualified as "career offender[s]" if they had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Ibid.* There were different ways that a past conviction could count as "a crime of violence," but only one is at issue here: A conviction counted as "a crime of violence" if it "involve[d] conduct that presents a serious potential risk of physical injury to another." §4B1.2(a)(2) (Nov. 2002). Because it supplied an amorphous catchall at the end of a more definite list, that phrase has been known as the "residual clause." If the phrase sounds familiar, it may be because in *Johnson* v. *United States*, 576 U. S. ___ (2015), this Court considered the exact same language in another provision where it was binding on judges and had the force and effect of law: a statute called the Armed Career Criminal Act (ACCA), 18 U. S. C. §924(e). Like the Guidelines,

––––––––––

[2] This Court accordingly ruled that the mandatory Guidelines violated the Sixth Amendment. See *United States* v. *Booker*, 543 U. S. 220, 226–227 (2005). The Court then rendered the Guidelines advisory by striking down the provisions that had made them mandatory. See *id.,* at 245.

[3] Indeed, before *Booker*, this Court consistently held that the Sentencing Guidelines "b[ound] judges and courts in their uncontested responsibility to pass sentence in criminal cases." *Mistretta* v. *United States*, 488 U. S. 361, 391 (1989); see also *Stinson* v. *United States*, 508 U. S. 36, 42 (1993) ("The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements"). The lower courts heeded that instruction. See *United States* v. *Hendricks*, 171 F. 3d 1184, 1186 (CA8 1999) ("The sentencing guidelines are, of course, binding on federal district courts"); accord, *United States* v. *Lafayette*, 337 F. 3d 1043, 1051–1052 (CADC 2003); *United States* v. *Stephens*, 347 F. 3d 427, 430 (CA2 2003); *United States* v. *Barbosa,* 271 F. 3d 438, 465 (CA3 2001); *United States* v. *Bahe*, 201 F. 3d 1124, 1129, n. 5 (CA9 2000); *United States* v. *Harriott*, 976 F. 2d 198, 202–203 (CA4 1992); *United States* v. *Lee*, 957 F. 2d 770, 772 (CA10 1992).

the ACCA also required enhanced punishments for career offenders. And, like the Guidelines, the ACCA included its own residual clause. In fact, the ACCA's residual clause was identical to the Guidelines' residual clause. See §924(e)(2)(B)(ii) (" . . . involves conduct that presents a serious potential risk of physical injury to another").

*Johnson* struck down the ACCA's residual clause as unconstitutionally vague. 576 U. S., at \_\_\_ (slip op., at 3). You might think that if a sequence of words that increases a person's time in prison is unconstitutionally vague in one legally binding provision, that same sequence is unconstitutionally vague if it serves the same purpose in another legally binding provision. Indeed, after *Johnson*, the Sentencing Commission deleted the residual clause from the Guidelines. See USSG §4B1.2(a)(2) (Nov. 2016). But for petitioners like Brown, who were sentenced long before *Johnson*, this Court has thus far left the validity of their sentences an open question. See *Beckles* v. *United States*, 580 U. S. \_\_\_, \_\_\_, \_\_\_–\_\_\_ (2017) (slip op., at 5, 9– 10); *id.,* at \_\_\_, n. 4 (slip op., at 10, n. 4) (SOTOMAYOR, J., concurring). The Court's decision today all but ensures that the question will never be answered.

In these petitions, that question largely overlaps with a related, timeliness question: whether Brown and his fellow petitioners may rely on the right announced in *Johnson*, in the ACCA context, to attack collaterally their mandatory-Guidelines sentences. Federal law imposes on prisoners seeking to mount collateral attacks on final sentences "[a] 1-year period of limitation . . . from the latest of" several events. See 28 U. S. C. §2255(f). One event that can reopen this window is this Court "newly recogniz[ing]" a right and making that right "retroactively applicable to cases on collateral review." §2255(f)(3). The right recognized in the ACCA context in *Johnson*, we have held, is retroactive on collateral review. *Welch* v. *United States*, 578 U. S. \_\_\_, \_\_\_ (2016) (slip op., at 9).

The question for a petitioner like Brown, then, is whether he may rely on the right recognized in *Johnson* to challenge identical language in the mandatory Guidelines. Three Courts of Appeals have said no.  See 868 F. 3d 297 (CA4 2017) (case below); *Raybon* v. *United States*, 867 F. 3d 625 (CA6 2017); *United States* v. *Greer*, 881 F. 3d 1241 (CA10 2018).  One Court of Appeals has said yes. See *Cross* v. *United States*, 892 F. 3d 288 (CA7 2018). Another has strongly hinted yes in a different posture, after which point the Government dismissed at least one appeal that would have allowed the court to answer the question directly.  See *Moore* v. *United States*, 871 F. 3d 72, 80–84 (CA1 2017); see also *United States* v. *Roy*, 282 F. Supp. 3d 421 (Mass. 2017); *United States* v. *Roy*, Withdrawal of Appeal in No. 17–2169 (CA1).  One other court has concluded that the mandatory Guidelines themselves cannot be challenged for vagueness.  See *In re Griffin*, 823 F. 3d 1350, 1354 (CA11 2016).

Regardless of where one stands on the merits of how far *Johnson* extends, this case presents an important question of federal law that has divided the courts of appeals and in theory could determine the liberty of over 1,000 people.[4] That sounds like the kind of case we ought to hear.  See this Court's Rules 10(a), (c).[5]  Because the Court nevertheless declines to do so, I respectfully dissent.

—————

[4] See Brief for Eight Federal Public Defender Offices as *Amici Curiae* in No. 16–7056 (CA4), pp. 1a–5a (estimating 1,187 cases pending nationwide).

[5] Rule 10 sets forth situations that can weigh in favor of certiorari, although they are "neither controlling nor fully measuring the Court's discretion."  Rule 10(a) points to a situation in which "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." Rule 10(c) points to a situation in which "a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court."